# EXHIBIT 1

Stephan C. Volker
Alexis E. Krieg
Stephanie L. Clarke
Daniel P. Garrett-Steinman
Jamey M.B. Volker (Of Counsel)
M. Benjamin Eichenberg

Law Offices of
**STEPHAN C. VOLKER**
436 14th Street, Suite 1300
Oakland, California 94612
Tel: 510/496-0600 ❖ FAX: 510/496-1366
e-mail: svolker@volkerlaw.com

10.587.01

April 21, 2016

*Via Certified/Return Receipt Mail*

Paul Denbeste
Denbeste Yard & Garden, Inc.
PO Box 186
Cloverdale, CA 95425

Re:   **60-Day Notice of Violations and Intent to Sue under the Federal Clean Water Act**

Dear Mr. Denbeste:

The California Environmental Protection Association ("CEPA") provides this 60-Day Notice of Violations and Intent to Sue under the Federal Clean Water Act ("CWA" or "Act") 33 U.S.C. § 1251 *et seq.* ("Notice") to you as the responsible owner, operator and manager of Denbeste Yard & Garden Supply ("Discharger").

CEPA is informed, and based on such information believes, that violations of the CWA are occurring at the facility operated by the Discharger, Denbeste Yard & Garden Supply, located at 26916 Asti Road in Cloverdale, California (WDID 1 49I015104) ("the Facility" or "the site"). Pursuant to CWA § 505(b) (33 U.S.C. § 1365(a)), this Notice is being sent to you and the U.S. Environmental Protection Agency ("EPA"), the California State Water Resources Control Board ("SWRCB"), and the California North Coast Regional Water Quality Control Board ("RWQCB").

CEPA is a Sonoma County-based environmental membership organization incorporated under the laws of the State of California. Its members work to protect, enhance, and assist in the restoration of rivers, creeks, streams, wetlands, vernal pools, and their tributaries located in California. Members of CEPA reside and work near the Laguna de Santa Rosa and Russian River, and use those waters and their watershed for recreation, sports, fishing, swimming, hiking, photography, nature walks and scientific study. Their use and enjoyment of these natural resources are specifically impaired by the Discharger's violations of the CWA as set forth in this Notice.

This Notice addresses the violations of the CWA and the terms of California's Statewide General Permit for Dischargers of Storm Water for Industrial Activities (Order No. 2014-0057-DWQ) ("General Permit") arising from the unlawful discharge of pollutants from the Facility into Icaria and Barrelli Creeks, tributaries of the Russian River which is listed as impaired for sediment, temperature, and bacteria under CWA §303(d). The General Permit replaced and superseded the previous Permit (Order No. 97-03-DWQ) ("1997 General Permit"), as of July 1, 2015.

Denbeste Yard & Garden Supply
60-Day Notice
April 21, 2016
Page 2

You, as the Discharger, are hereby notified that after the expiration of sixty (60) days from the date this Notice was delivered, CEPA intends to file suit in the United States District Court against the Discharger for continuing violations of the effluent standards and limitations, National Pollutant Discharge Elimination System ("NPDES") permit conditions and requirements, and Federal or State Orders issued under the CWA described below. These violations are contrary to CWA sections 301(a), 402(p), and 505(a)(1), as well as the requirements of Title 40 of the Code of Federal Regulations and the RWQCB Water Quality Control Plan (or "Basin Plan") as further detailed below.

## VIOLATIONS OF THE CLEAN WATER ACT AND GENERAL PERMIT

The Discharger has been causing and continues to cause violations of the Act, including discharges without registering under the new General Permit. The range of dates covered by this Notice is from the Discharger's first known violation on March 4, 2014, through April 21, 2016. CEPA may further update this Notice to include violations occurring after April 21, 2016. The Discharger's failure to comply with the terms of the applicable General Permits are continuous in nature. Each day that the Discharger is not compliant constitutes a separate violation.

CEPA alleges the following specific violations:

### 1. *Failure to Reapply for a NPDES Permit*

The Discharger has failed to reapply for coverage under the General Permit by July 1, 2015, and its coverage has therefore been terminated. General Permit §§ II.B.1, II.B.4.b, II.B.4.c, and XXI.B.

All Dischargers covered under the 1997 General Permit intending to continue a regulated activity after the expiration of the 1997 General Permit on June 30, 2015, were required to register for coverage by resubmitting permit registration documents via the State's Storm Water Multiple Application and Report Tracking System ("SMARTS"), on or before July 1, 2015. *Id.*

As of the date of this Notice, the Discharger has failed to reapply to coverage under the General Permit, and is currently operating without NDPES coverage. Denbeste Yard & Garden Supply's General Permit coverage was terminated by the State for failure to reapply. Permit noncompliance constitutes a violation of the Clean Water Act and the Water Code, as well as the General Permit, and is grounds for enforcement action against the Facility.

### 2. *SWPPP*

The General Permit requires the Discharger to utilize the SMARTS database to provide documents, information, and reports to the RWQCB and the public. Specifically, the Storm Water Pollution Prevention Plan ("SWPPP") "must be submitted electronically via SMARTS" by July 1, 2015. General Permit §§ I.I..54, II.B.1.b.iii, II.B.4.e, II.B.4.f, II.D.1.a, X.B. No SWPPP has ever been submitted to the RWQCB – through the SMARTS database or otherwise – for the Facility. This failure

Denbeste Yard & Garden Supply
60-Day Notice
April 21, 2016
Page 3

to provide any SWPPP for the Facility violates the General Permit, including all of the requirements under section X.

The minimum mandatory elements that must be included in a SWPPP pursuant to Section X of the General Permit are as follows: facility name and contact information, facility specific site map, list of industrial materials utilized by the facility, description of Potential Pollution Sources, assessment of Potential Pollutant Sources, identification of all sources of NSWDs at the site, description of erodible surfaces at the Facility site, minimum BMPs, advanced BMPs (if applicable), information regarding the Facility's Pollution Prevention Team, Monitoring Implementation Plan, Annual Comprehensive Facility Compliance Evaluation information, scheduled facility operating hours, the date that the SWPPP was initially prepared and the date of each SWPPP amendment, if applicable. None of these requirements have been met where, as here, no SWPPP has been provided to the RWQCB or uploaded to the SMARTS database.

The Discharger failed to upload a SWPPP into the SMARTS system by the deadline of July 1, 2015, which contains the minimum required elements outlined in General Permit section X.

### 3. *Monitoring Implementation Plan*

Section X.I of the General Permit requires Dischargers to prepare and implement a Monitoring Implementation Plan as part of the SWPPP, which is designed to assist the Discharger in developing a comprehensive plan for the monitoring requirements in the General Permit and to assess their monitoring program. The Monitoring Implementation Plan includes a description of visual observation procedures and locations, as well as sampling procedures, locations, and methods.

As of the date of this Notice, the Discharger has failed to provide a SWPPP and the incorporated Monitoring Implementation Plan to the RWQCB either in hard copy or via the SMARTS website.

### 4. *Failure to Comply With Monitoring Requirements*

General Permit section XI.B.2 requires that all Dischargers collect and analyze storm water samples from two Qualifying Storm Events ("QSEs") within the first half of each reporting year (July 1 to December 31), and two QSEs within the second half of each reporting year (January 1 to June 30). Furthermore, General Permit section XI.B.11.a requires Dischargers to submit all sampling and analytical results for all individual or Qualified Combined Samples via SMARTS within 30 days of obtaining all results for each sampling event.

As of the date of this Notice, the Discharger has failed to upload into the SMARTS database system two storm water sample analyses for the time period July 1, 2015, through December 30, 2015. These laboratory results were due to be uploaded into the SMARTS system no later than January 30, 2016.

5. *Annual Report*

The Discharger's 2014-2015 Annual Report is inadequate and therefore violates the CWA. Both the 1997 General Permit and the current General Permit require the Discharger to collect and report to the RWQCB storm water samples for storm events throughout the year. General Permit § XI.B; 1997 General Permit § B.5. If the Discharger is unable to meet the sampling requirements under the General Permit, it must explain this failure in its Annual Report. *Id.*

The Discharger's 2014-2015 Annual Report admits that only one storm event was sampled for the reporting period of July 1, 2014 through June 30, 2015 and that no sample was collected from the first storm event of the wet season as required under the 1997 General Permit. 1997 General Permit § B.5.a; 2014-2015 Annual Report §§ E.1, E.2. However, the Annual Report omits any explanation for these failures. Indeed, the explanations that are provided only address the admitted failure to collect from each sampling location on the site and to collect samples during the first hour of a storm event. 2014-2015 Annual Report, "Explanation Attachment Denbeste Yard & Garden, Inc." (SWRCB, 2007-2008 Annual Report). None of the information provided in the 2014-2015 Annual Report explains why the Discharger only sampled one storm event that was *not* the first QSE of the wet season.[1]

## CONTACT INFORMATION

CEPA can be contacted through its legal counsel, the Law Offices of Stephan C. Volker at:

Stephan C. Volker, Esq.
Law Offices of Stephan C. Volker
436 14th Street, Suite 1300
Oakland, CA 94612
(510) 496-0600
Email: svolker@volkerlaw.com

Alternatively, CEPA can be contacted through its President, Gerard Duenas, at:

Gerard Duenas, President
California Environmental Protection Association
1275 Fourth Street, #141
Santa Rosa, CA 95404
(707) 292-0044
Email: calenvproassn@yahoo.com

---

1 If the Discharger intended that the undated letter from Nachtmann Analytical Laboratory, Inc. would serve as an explanation, there is no indication of that intention in the Annual Report or the letter itself.

Denbeste Yard & Garden Supply
60-Day Notice
April 21, 2016
Page 5

## CONCLUSION

CWA §§ 505(a)(1) and 505(f) provide for citizen enforcement actions against any "person," including individuals, corporations, or partnerships, for violations of NPDES permit requirements and for un-permitted discharges of pollutants. 33 U.S.C. §§ 1365(a)(1) and (f), §1362(5). An action for injunctive relief under the CWA is authorized by 33 U.S.C. § 1365(a). Violators of the Act are also subject to an assessment of civil penalties of up to $37,500 per day/per violation for all violations pursuant to Sections 309(d) and 505 of the Act, 33 U.S.C. §§ 1319(d), 1365. See also 40 C.F.R. §§ 19.1-19.4.

CEPA believes this Notice sufficiently states grounds for filing suit in federal court under the "citizen suit" provisions of CWA to obtain the relief provided for under the law. The violations set forth in this Notice affect the health and enjoyment of members of CEPA who reside near and recreate in the Laguna de Santa Rosa and the Russian River and their watershed.

The CWA specifically provides a 60-day notice period to promote resolution of disputes. CEPA encourages the Discharger or its counsel to contact CEPA or its counsel within 20 days of receipt of this Notice to initiate a discussion regarding these violations so that discussions may be completed before the end of the 60-day notice period.

Very truly yours,

Stephan C. Volker
Attorney for California Environmental Protection Association

SCV:taf

cc by Certified/Return Receipt U.S. Mail:

    Environmental Protection Agency
    Gina McCarthy, Administrator
    Office of the Administrator
    Mail Code: 1101A
    1200 Pennsylvania Avenue, N.W.
    Washington, DC 20460

    Environmental Protection Agency, Region 9
    Jared Blumenfeld, Regional Administrator
    Mail Code: ORA-1
    75 Hawthorne Street
    San Francisco, CA 94105

Denbeste Yard & Garden Supply
60-Day Notice
April 21, 2016
Page 6

       California State Water Resources Control Board
       Tom Howard, Executive Director
       1001 I Street, 25th Floor
       Sacramento, CA 95814

       North Coast Regional Water Quality Control Board
       Matthias St. John, Executive Officer
       5550 Skyland Blvd., Suite A
       Santa Rosa, CA 95403