

1  Paul Den Beste
2  P. O. Box 742
   Cloverdale, CA 95425
3  (707) 975 5903

FILED

JUL 26 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

6  Defendant Specially Appearing

9            UNITED STATES DISTRICT COURT
10          NORTHERN DISTRICT OF CALIFORNIA
                   OAKLAND DIVISION

11 | CALIFORNIA ENVIRONMENTAL        ) Case Number: 4:16-cv-03914 KAW
12 | PROTECTION ASSOCIATION, a        )
   | California corporation,          )
13 |                   Plaintiff      ) ANSWER BY SPECIAL APPEARANCE
14 |                   v              ) DISMISSAL WITH PREJUDICE DUE
   | DEN BESTE YARD AND GARDEN, INC., a ) TO FAILURE TO PROSECUTE AND
15 | California corporation,          ) FOR PERJURY AND DUE TO
   |                   Defendant      ) PENDING ONGOING RECEIVERSHIP
16 |                                  )

1.      On July 15, 2017 the undersigned Paul Den Beste was served with the Summons and

Complaint in this case.

2.      Defendant DEN BESTE YARD AND GARDEN, INC. is a corporation closely held by

stockholder Paul Den Beste and because the purported complaint in this matter claims a distinct

and palpable injury directly traceable to him, Paul Den Beste has capacity and standing to

present this document.  See *Whelan v. Abell*, 953 F. 2d 663 - Court of Appeals, Dist. of

Columbia Circuit 1992, pages 671- 672 with emphasis added:

> Appellees recharacterize their real-party-in-interest defense on appeal (using the
> terminology employed by the district court) and assert that the Whelans lacked
> Article III standing, a jurisdictional issue that can be raised at any time. To be

ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO
FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING
RECEIVERSHIP

1

sure, courts have on occasion denied stockholders' suits alleging injury, asserting that the 672*672 stockholders lacked "standing" to bring such an action because the stockholders, "experiencing no direct harm, possess[] no *primary* right to sue." *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir.1970) (emphasis added), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971); *accord EMI Ltd. v. Bennett*, 738 F.2d 994, 996-97 (9th Cir.), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 567, 83 L.Ed.2d 508 (1984); *Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir.1981). *But we do not read these cases as actually turning on the question whether the stockholder has suffered a sufficiently direct injury to establish Article III injury or causation. The courts do not conduct that kind of analysis. It may well be that if a minor injury is suffered by a large corporation it would be difficult to trace a "distinct and palpable injury" to a shareholder, Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), but that would certainly not be so if the damage was to a closely held corporation. Conceptually, then, the problem is not an Article III one. See Association of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 152, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970) (economic injury satisfies Article III).*

See also with emphasis added *Shell Petroleum, NV v. Graves*, 709 F. 2d 593 - Court of Appeals, 9th Circuit 1983 page 595;

To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the corporation. *Von Brimer v. Whirlpool*, 536 F.2d at 846. A shareholder must be injured directly and independently of the corporation. *Id.; Erlich v. Glasner*, 418 F.2d at 228.

See also with emphasis added *Sutter v. General Petroleum Corp.*, 28 Cal. 2d 525 - Cal: Supreme Court 1946 page 530:

[1] *Generally*, a stockholder may not maintain an action in his own behalf for a wrong done by a third person to the corporation on the theory that such wrong devalued his stock and the stock of the other shareholders, for such an action would authorize multitudinous litigation and ignore the corporate entity. [2] Under proper circumstances a stockholder may bring a representative action or derivative action on behalf of the corporation. (Klopstock v. Superior Court, 17 Cal.2d 13 [108 P.2d 906, 135 A.L.R. 318]; Nessbit v. Superior Court, 214 Cal. 1 [3 P.2d 558]; Difani v. Riverside County Oil Co., 201 Cal. 210 [256 P. 210]; Gorham v. Gilson, 28 Cal. 479; 6A Cal.Jur. 456, et seq.) *But "If the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or on a right belonging severally to him, or on a fraud affecting him directly, it is an individual action. ...* The action is derivative, i.e., in the corporate right, if the

ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING RECEIVERSHIP

gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." (Fletcher Cyc. Corps. (perm. ed.) 5911.) (See <u>Shenberg v. De Garmo, 61 Cal.App.2d 326 [143 P.2d 74]</u>.) *[3] And a stockholder may sue as an individual where he is directly and individually injured although the corporation may also have a cause of action for the same wrong. (Coronado Development Corp. v. Millikin, 175 Misc. 1 [22 N.Y.2d 670]; Hammer v. Werner, 239 App.Div. 38 [265 N.Y.S. 172]; Witherbee v. Bowles, 201 N.Y. 427 [95 N.E. 27]; Von Au v. Magenheimer, 110 N.Y.S. 629, Aff'd, 196 N.Y. 510 [89 N.E. 1114]; Stinnet v. Paramount-Famous Lasky Corp. (Tex.Com.App.), 37 S.W.2d 145; White v. First Nat. Bank. 252 Pa. 205 [97 A. 403]; Brachman v. Hyman, 298 Mich. 344 [299 N.W. 101]; 18 C.J.S. Corporations, 559.)*

See also *Esposito v. United States* (10th Cir. 2004) 368 F3d 1271 , 1273; "Capacity"

refers to a party's personal *right to litigate* in federal court, whereas "real party in interest" refers

to whether that person possesses the *substantive right* being sued upon.

## FIRST AFFIRMATIVE DEFENSE
## LACK OF SUBJECT MATTER JURISDICTION AND MANDATORY DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE, FOR COMMITTING PERJURY,  AND FOR FOR FAILURE TO COMPLY WITH  90 DAYS RULE OF FEDERAL RULE OF CIVIL PROCEDURE 4 (m)

3.      Defendant incorporates by reference foregoing paragraphs 1 – 2 as if fully set forth and

states the complaint in this action was filed on July 12, 2016 with Summons issued July 13,

2016, but Defendant was not served until over one year later on July 15, 2017 and therefore as

shown by the following this case must be dismissed with prejudice for failure to prosecute.

Although FRCP 4 (m) allows for dismissal without prejudice, the court has inherent power to

dismiss this case with prejudice failure to prosecute because not only had plaintiff been

derelict in "effecting" service, SPECIALLY APPEARING DEFENDANT PAUL DEN

BESTE'S  NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST

PLAINTIFF'S ATTORNEY STEPHAN C. VOLKER FOR COMMITTING PERJURY AND

ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO
FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING
RECEIVERSHIP

1   FRAUD UPON THE COURT filed herewith shows plaintiff committed perjury in these

2   proceedings requiring plaintiff be severely sanctioned and therefore dismissal with prejudice is

3   proper for failure to prosecute under FRCP 41(b). See *O'Rourke Brothers Inc. v. Nesbitt Burns,*

4   *Inc.* ( 7th Cir. 2000 ) 201 F3d 948, 952 - 953.

5

6                         **SECOND AFFIRMATIVE DEFENSE**
                    **PLAINTIFF LACKS ARTICLE III STANDING**

7   4.      Defendant incorporates by reference foregoing paragraphs 1 – 3 as if fully set forth and

8   states that plaintiff's complaint does not state facts of any CALIFORNIA ENVIRONMENTAL

9   PROTECTION ASSOCIATION, INC. member has suffered any damages caused by defendant

10  and therefore plaintiff lacked Article III standing to have filed this lawsuit and lacks Article III

11  standing to continue to pursue this lawsuit against defendant because Article III of the

12

13  Constitution requires there must be a "case" or "controversy" to establish jurisdiction which

14  "irreducible constitutional minimum" of standing requires: (1) that the plaintiff have suffered an

15  "injury in fact" — an invasion of a judicially cognizable interest which is (a) concrete and

16

17  particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a

18  causal connection between the injury and the conduct complained of — the injury must be fairly

19  traceable to the challenged action of the defendant, and not the result of the independent action

20

21  of some third party not before the court; and (3) that it be likely, as opposed to merely

22  speculative, that the injury will be redressed by a favorable decision. See *Bennett,* 520 **U.S.** at

23  **167**, 117 S.Ct. 1154 citing *Lujan v. Defenders of Wildlife,* 504 **U.S.** 555, 560-561, 112 S.Ct.

24  2130, 119 L.Ed.2d 351 (1992) which provides;

25

26              "Over the years, our cases have established that the irreducible constitutional
                minimum of standing contains three elements. First, the plaintiff must have
27              suffered an "injury in fact"—an invasion of a legally protected interest which is

28  ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO
    FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING
    RECEIVERSHIP

                                                4

(a) concrete and particularized, see *id.,* at 756; *Warth* v. *Seldin,* 422 **U. S.** 490, 508 (1975); *Sierra Club* v. *Morton,* 405 **U. S.** 727, 740-741, n. 16 (1972);[1] and (b) "actual or imminent, not `conjectural' or `hypothetical,' " *Whitmore, supra,* at 155 (quoting *Los Angeles* v. *Lyons,* 461 **U. S.** 95, 102 (1983)). Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be "fairly. . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Simon* v. *Eastern Ky. Welfare* 561*561 *Rights Organization,* 426 **U. S.** 26, 41-42 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.,* at 38, 43.

The party invoking federal jurisdiction bears the burden of establishing these elements. See *FW/PBS, Inc.* v. *Dallas,* 493 **U. S.** 215, 231 (1990); *Warth, supra,* at 508. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i. e.,* with the manner and degree of evidence required at the successive stages of the litigation. See *Lujan* v. *National Wildlife Federation,* 497 **U. S.** 871, 883-889 (1990); *Gladstone, Realtors* v. *Village of Bellwood,* 441 **U. S.** 91, 114-115, and n. 31 (1979)"

5.      The foregoing lack of Article III standing fact was established by the following previous procedures in this court:

6.      On March 9, 2017 plaintiff's attorney Stephan C. Volker filed at Docket # 11 NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHAN C. VOLKER. Paragraphs 4, 5 and 6 of the DECLARATION OF STEPHAN C. VOLKER states in relation to lack of standing;

> 4. During the course of our representation of CEP A it has been necessary to contact Mr. Duenas periodically for the purpose of securing information essential to the prosecution of this action, including the names, addresses and contact information for members of the CEPA Board of Directors, the names of CEPA members harmed by the defendant's alleged violations of the Clean Water Act, identification of evidence including documents and witnesses essential to compliance with the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure regarding "Initial Disclosure" of such information, and provision of information essential to the exchange of potential terms of settlement with defendant as required by this Court's rules respecting Alternative Dispute Resolution, ADR Local Rule 2-3 et seq.

ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING RECEIVERSHIP

5. Despite repeated attempts by our firm to secure information essential to discharge our duties under the foregoing Federal Rules of Civil Procedure and ADR Local Rules, we have been unable to secure prompt, accurate and complete information from Mr. Duenas. Applicable Rules of Professional Conduct, including Rule 3-100 of the California Rules of Professional Conduct, and Business and Professions Code section 6068( e), forbid disclosure of further details of these shortcomings.

6. As a consequence of these communication failures our firm has experienced with CEPA, we are unable to continue to represent it in this proceeding. On December 1, 2016, I informed Mr. Duenas by phone that these failures to engage in accurate, prompt and complete communication rendered it unreasonably difficult for my firm to carry out our representation of CEPA effectively in this proceeding and accordingly, I would request withdrawal from continued representation of CEPA unless Mr. Duenas promptly substituted other counsel to represent CEPA in this matter. Mr. Duenas failed to find substitute counsel in response to my request. On December 29,2016, by letter mailed and emailed on that date to CEPA's known mail and email addresses as listed above, I again reminded Mr. Duenas that our firm would withdraw as CEP A's counsel unless he promptly substituted other counsel to represent CEP A in this proceeding, and that because CEP A is a corporation, it could not appear *in propria persona* and would need to secure substitute counsel. My letter notified CEP A of the detailed reasons compelling our withdrawal, which reasons I cannot disclose in this declaration due to ethical considerations.

7.      Above paragraphs 4, 5 and 6 of the DECLARATION OF STEPHAN C. VOLKER shows plaintiff CALIFORNIA ENVIRONMENTAL PROTECTION ASSOCIATION, INC. ***did not produce any proof to its own attorney of any it's members who were harmed by defendant's alleged violation of the Clean Water Act***. No opposition to the motion was filed and therefore on April 20, 2017 at Docket # 15 this court issued ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL which settled the matter of CALIFORNIA ENVIRONMENTAL PROTECTION ASSOCIATION, INC. lack of standing due to none of its members being harmed by defendant's alleged violation of the Clean Water Act.

ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING RECEIVERSHIP

### THIRD AFFIRMATIVE DEFENSE
### PLAINTIFF IS NOT A REAL PARTY IN INTEREST

8.      Defendant incorporates by reference foregoing paragraphs 1 – 7 as if fully set forth and states the above SECOND AFFIRMATIVE DEFENSE demonstrates that no member of plaintiff CALIFORNIA ENVIRONMENTAL PROTECTION ASSOCIATION, INC. has been harmed by defendant's alleged violation of the Clean Water Act and therefore plaintiff is not the real party in interest to pursue this litigation under FRCP 17 (a)(1) because the "real party in interest' is the person who has the *right to sue under the substantive law.* In general, it is the person holding *title* to the claim or property involved, as opposed to others who may be interested in or benefit by the litigation. *[United States ex reI. Spicer* v. *Westbrook* (5th Cir. 2014) 751 F3d 354, 362; *U-Haul lnt'l, Inc.* v. *Jartran, Inc.* (9th Cir. 1986) 793 F2d 1034, 1038.

9.      To demonstrate that it is the real party in interest, plaintiff "must allege facts sufficient to reveal that he suffered an injury, that the injury was caused by the defendant's illegal conduct, and that his injury could be redressed by a favorable outcome to the lawsuit." *Seckler v. Star Enterprise* (11th Cir. 1997) 124 F3d 1399, 1406.

10.     As demonstrated by above SECOND AFFIRMATIVE DEFENSE, plaintiff CALIFORNIA ENVIRONMENTAL PROTECTION ASSOCIATION, INC. and any of its members do not claim it or they have suffered any injury caused by defendant and therefore plaintiff is not the real party in interest to have field and to purpose this lawsuit.

### FOURTH AFFIRMATIVE DEFENSE
### COLLATERAL ESTOPPEL

11.     Defendant incorporates by reference foregoing paragraphs 1 – 10 as if fully set forth and states that further proceedings in this action are barred by collateral estoppel established by the

ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING RECEIVERSHIP

April 20, 2017 ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL, Docket # 15,

which granted Stephan C. Volker's a motion to withdraw as counsel which was based grounds of

CALIFORNIA ENVIRONMENTAL PROTECTION ASSOCIATION, INC. failure to provide

information to its own attorney of any of its members harmed by defendant's alleged violation of

the Clean Water Act.

## FIFTH AFFIRMATIVE DEFENSE
## INDEMNIFICATION BY RECEIVERSHIP

12.     Defendant incorporates by reference foregoing paragraphs 1 – 11 as if fully set forth and

states that attached hereto as **Exhibit A** is a true and correct copy of RULING ON

APPLICATION FOR ORDER APPOINTING RECEIVER, ORDER TO SHOW CAUSE WHY

RECEIVER SHOULD NOT BE CONFIRMED AND FOR TEMPORARY RESTRAINING

ORDER. Paragraph (c) commencing on page 8 to page 9 of **Exhibit A** states with emphasis

added;

> (c.) The Receiver may, in his discretion , operate and conduct Den Beste
> Yard & Garden, Inc. in the ordinary and usual course of business, to preserve and
> maintain said business pending hearing on the order to show cause to confirm
> Receiver's appointment Receiver is hereby authorized to employ servants, agents,
> employees, clerks and accountants to purchase materials, supplies, and services
> and to pay therefore at ordinary and usual rates and prices out of funds that shall
> come into his possession as such Receiver; to bring suit in his own name without
> further leave of court as the Receiver deems necessary to protect, preserve and
> maintain the rights, privileges and property of the receivership estate; to
> compromise debts and to do all things and to incur the risks and obligations
> ordinarily incurred by owners, managers, and operators of similar properties and
> enterprises and that no such risk or obligation so incurred shall be the personal
> risk or obligation of said Receiver but shall be a risk or obligation of the
> Receivership Estate, **Without limiting the generality of the foregoing, the**
> **Receiver shall have the exclusive right to exercise all powers, privileges, and**
> **rights of the Judgment Debtors with respect to any stocks, bonds,**
> **partnership interests, _licenses, permits, authorizations,_ and the like**
> **constituting or comprising the Property, including, but not limited to, voting**
> **and proxy rights, if any,**

ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO
FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING
RECEIVERSHIP

13.     **Exhibit B** attached hereto is a true and correct copy of AMENDED ORDER

APPOINTING RECEIVER FORTHWITH, which confirms **Exhibit A**.

14.     **Exhibit C** attached hereto is THIRD INTERIM REPORT OF RECEIVER dated

December 5, 2013.

15.     **Exhibit D** attached hereto is RECEIVER'S SEVENTH INTERIM REPORT with proof

of service dated January 25, 2016.

16.     As of the date of preparation of this document, Patrick Bulmer has not been released as

the receiver for Den Beste Yard and Garden, Inc. the latter is therefore indemnified in this

lawsuit by paragraph (c) of attached **Exhibit A**.

## RELIEF REQUESTED

17.     Defendant incorporates by reference foregoing paragraphs 1 – 16 as if fully set forth and

based thereon and therefore, defendant demands this case be dismissed with prejudice forthwith.

Paul Den Beste

ANSWER BY SPECIAL APPEARANCE DISMISSAL WITH PREJUDICE DUE TO
FAILURE TO PROSECUTE AND FOR PERJURY AND DUE TO PENDING ONGOING
RECEIVERSHIP

9

Exhibit A

1  HON. ELLIOT LEE DAUM
   JUDGE OF THE SONOMA COUNTY
2  SUPERIOR COURT - Courtroom 16
   3035 Cleveland Avenue, Suite 200
3  Santa Rosa, CA 95403
   (707) 521-6729
4

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

9

10
   JOHN F. DEMEO and BRADFORD            Case No. MCV-178973
11 DEMEO, partners, doing business under
   the firm name of DeMeo and DeMeo      RULING ON APPLICATION FOR ORDER
12                                        APPOINTING RECEIVER, ORDER TO
               Plaintiffs,                SHOW CAUSE WHY RECEIVER
13     v.                                 SHOULD NOT BE CONFIRMED AND
                                          FOR TEMPORARY RESTRAINING
14 PAUL DEN BESTE and MELODY DEN          ORDER
   BESTE,
15                                        DATE: AUGUST 4, 2010
               Defendants.               TIME:  3:00 P.M.
16                                        DEPT: 16

17
   TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:
18
          This matter came on for hearing on August 4, 2010, in Department 16 of the
19
   Sonoma County Superior Court with the Honorable Elliot Lee Daum presiding.  A
20
   tentative ruling was published on August 3, 2010.  Mandy Power dba Judgment
21
   Enforcement USA, Assignee of record, was present.  Walter Steinman, previous
22
   Assignee of record, was present.  Defendants Paul Den Beste and Melody Den Beste,
23
   self-represented parties were present.  The court then took this matter under
24
   submission and now issues the following ruling:
25
          On October 11, 2005, the Court awarded judgment to the plaintiffs and Judgment
26
   Creditors, John F. DeMeo and Bradford J. DeMeo, in this action against Defendant Paul
27

28

                                        -1-

**ENDORSED**
**FILED**

AUG 20 2010

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

Den Beste and Melody Den Beste ("Judgment Debtors").  The DeMeo's later assigned the judgment to Walter Steinmann dba Judgment Enforcement USA ("Steinmann") by assignment filed in this action on December 24, 2008. Steinmann subsequently assigned the judgment to Mandy Power dba Judgment Enforcement USA ("Power") on April 14, 2010.

Three additional judgments in two other cases were also awarded by this court in favor of the DeMeo's and against Judgment Debtors Paul Den Beste and Melody DenBeste.  Likewise, they were assigned to Steinmann, who assigned them to current assignee, Power, on or about April 14, 2010.

The amount owing on all four judgment awards as of July 15, 2010 is $56,086.89 with statutory daily interest accruing of $11.45.

Judgment Creditor requests appointment of receiver over all non-exempt real and personal property and business interest owned, controlled, or possessed by Judgment Debtors, wherever located and whether now or in the future owned, controlled or possessed by them.

**MOTION:**

Judgment Creditor requests appointment of receiver over all non-exempt real and personal property and business interest ("Property") owned, controlled, or possessed by Judgment Debtors, wherever located and whether now or in the future owned, controlled or possessed by them.  The application is made in light of the two recent occasions when Judgment Debtors, Paul Den Beste and Melody Den Beste, moved substantial assets out of the reach of the judgment creditor immediately after an enforcement activity, indicating that further transfer of remaining assets is likely in response to further enforcement efforts.

The Court initially received the Application for Appointment of a Receiver as an ex parte order.  The Court declined to grant the ex parte request, but instead issued an Order to Show Cause to give judgment debtors Paul Den Beste and Melody Den Beste the chance to respond to what has been characterized as a drastic collection means.

The TRO applied for requests relief directing judgment debtors to refrain from engaging in or performing certain acts regarding the property assets. The list is long, and is found at pages 2-3 of the Ex Parte Application.

Judgment Creditor nominates Patrick Bulmer of California Receivership Services as the receiver in this matter.

**OPPOSITION:**

A 39 page opposition was delivered to the court on July 29, 2010 by the judgment debtors, Paul Den Beste and Melody Den Beste.

Judgment Debtors devote much effort in claiming and explaining the judgment(s) in this case is/are void, and that the court lacks jurisdiction to hear this matter.

First, Judgment Debtors claim that Judgment Enforcement, USA does not disclose to the court that it is suspended, or how in its suspended status it has standing to apply for appointment of a receiver.  Attached to Judgment Debtor's Opposition as Exhibit 1 is a document that purports to be a print out from California Secretary of State Debra Bowen's website, listing Judgment Enforcement USA, Inc. as a suspended corporation as of September 19, 2009.  The document is inadmissible hearsay because it is not supported by a declaration attesting to its authenticity.  Nonetheless, Judgment Creditors have replied with significant documentation of their own averring their separateness from Judgment Enforcement USA, Inc.  Indeed, Mandy Powers has satisfactorily demonstrated to this Court that she is a sole proprietorship and is the lawfully designated assignee of the rights of collection on these judgments.

-3-

Judgment Debtors do not present a less harsh alternative to appointment of receiver in his Points and Authorities in Opposition, nor did he offer any alternatives at oral argument.

**ANALYSIS:**

C.C.P. §564(b)(9), on which Plaintiffs rely, allows the court to appoint a receiver in all cases where necessary to preserve the property or rights of any party. More specifically, subsection (b)(1) states that the court may appoint a receiver in, amongst others, an action between partners or others jointly owning or interested in any property on the application of a party "and where it is shown that the property or fund is in danger of being lost, removed, or materially injured."

Courts have appointed receivers in cases involving dissolution of partnerships. See *Albertson v. Warriner* (1962) 199 Cal.App.2d 560, 565; *Breedlove v. Breedlove (J.W. & E.M.) Excavating Co.* (1942) 56 Cal.App.2d 141; see also 6 Witkin, Cal.Proc. (4th Ed.1997) Provisional Remedies, section 425. In fact, in cases of partnership dissolution and accounting, a partner's interest is usually considered clear and the danger of removal or loss normally great so that this presents "a typical case for receivership, and the appointment is frequently made." 6 Witkin, supra. However, a receiver will not automatically be granted; the moving party must make the required showing. *McCaslin v. Kenney* (1950) 100 Cal.App.2d 87, 95.

According to *Steinberg v. Goldstein* (1954) 129 Cal.App.2d 682, at 686, a receiver is simply intended to aid in ensuring a smooth and proper outcome for the action by preserving the property during litigation so that any judgment may provide effective relief. In fact, the Supreme Court stated in *Goes v. Perry* (1941) 18 Cal.2d 373, 381, that where litigation involves a dispute over ownership of property, and it

-4-

satisfactorily appears that the property is a type that may be lost, secreted, reduced in value, etc., before the matter is concluded, and Plaintiff has adequately shown a reasonably certain interest in the property, then the court may appoint a receiver to take custody of the property.

The rule is established that the appointment of a receiver rests largely in the discretion of the trial court and that its action in appointing a receiver or its refusal of an application for the appointment of such an officer will not be disturbed in the absence of a showing that the court's discretion has been abused.  However, appointment of a receiver is a drastic remedy to be employed only in exceptional circumstances.  As stated by the court in *Elson v. Nyhan*, supra, 45 Cal.App.2d at page 5, "[r]eceivers are often legal luxuries, frequently representing an extravagant cost to a losing litigant.  When it appears that no reasonably certain benefit will result to one litigant, and a distinct disadvantage will result to another, courts should weigh carefully the propriety of appointing a receiver."   A trial court must consider the availability and efficacy of other remedies in determining whether to employ the extraordinary remedy of a receivership. *City and County of San Francisco v. Daley* (1993) 16 Cal.App.4th 734, 744-745.

To date there has been no satisfaction of any of the judgments. If anything, Judgment Debtors have attempted to place their assets out of reach of Judgment Creditor.

The assets that Judgment Creditor claims could be used to satisfy judgments are listed at pages 5-8 in Judgment Creditors Ex Parte Application.

**Assets Transferred Out of Reach of Judgment Creditor Despite Execution of Lien**

Judgment Creditor declares that the four most recent bank levies, all served on December 15, 2009, yielded $117.06. See Declaration of Steinmann ¶8 and Exh. "13"

attached thereto.  The deposit account associated with the trust was not reached by the levy and it had a balance of approximately $74,193.28 at the time of levy.  Nine days after the levy was served on the bank, a deposit of $41,036.10 was made to the trust's deposit account. The amount of this deposit was far in excess of any use of the account in the previous 13 months.  Dec. of Power, ¶7 &9 and Exhibits 6 and 8.  There has been no response by Judgment Debtors to these allegations and the Court accepts them as true and correct.

On April 26, 2010 Den Beste refused to appear and produce records which would have explained the source of the $41,036.10 deposited to the account and the destination of approximately $115,000 that he withdrew from it, both of which actions were taken within days of an enforcement effort.

He was ordered by the Court to appear and produce on May 17, 2010.  He still did not appear and the court ordered a civil bench warrant for his arrest and appearance at a hearing on August 23, 2010.  Dec. of Steinmann ¶9 and Exhibit 15; Power Dec. ¶11 and Exhibit 3, and Exhibits 21 and 22 to Request for Judicial Notice.

Judgment Creditors also declare that Judgment Debtor Melody Den Beste wrote several corporate checks to pay the auto loan taken out by judgment debtor Paul Den Beste as an individual. Power Dec. par. 12 and Exhibit 6 to Steinmann Dec.

The court is satisfied by the representations of the parties that the Judgment Debtors have never accepted the viability and finality of the judgments that have led to these collection actions.  Apparently there is a civil warrant for judgment debtor Paul Den Beste in this very proceeding based on his failure to appear and produce records on April 26, 2010 and a subsequent order to appear on May 17, 2010 precipitated the drastic measure of the issuance of an arrest warrant.  Judgment Debtor Paul Den Beste has apparently been ordered to appear once again on August 23, 2010.

The Court's examination of its own records reveals that the judgments in these matters are all final, beyond any appellate remedy, and ripe for collection. This Court is loath to order the drastic remedy of receivership, but it is obvious that all other methods of collection have been met with stubborn refusal to abide by the mandates of the Court's lawful orders and judgment.

The Court having considered the within application for appointment of receiver, the records and files in this case, and the oral arguments of the parties, and good cause appearing therefore, now orders the appointment of a receiver as follows:

1. Upon the filing of a bond or cash in lieu of bond by Assignee under Code of Civ. Proc. § 566(b) in the amount of $ 500.00, Patrick Bulmer of California Receivership Services (hereinafter "Receiver") be, and hereby is, appointed receiver under Code of Civil Procedure §708.620.

2. All real and personal property and business interests subject to enforcement of a judgment (hereinafter collectively "Property") owned, controlled, or possessed by Paul Den Beste and/or Melody Den Beste (hereinafter collectively "Judgment Debtors"), wherever located and whether now or in the future owned, controlled or possessed by the Judgment Debtors, jointly or individually, shall constitute the receivership estate (hereinafter "Receivership Estate"). Without limiting the generality of the foregoing, the Property includes all stock, interests and assets of the California corporation, DenBeste Yard & Garden, Inc., including, but not limited to rents, stocks, dividends and wages, and the real property located at 26912 and 26916 Asti Road, Cloverdale, CA 95425, assessor parcel numbers 118-010-050-000 and 118-010-046-000. The legal description of said real property is attached hereto as Exhibit "1" and is incorporated herein by this reference.

3. Upon the Receiver's filing of an undertaking in the amount of $25,000.00 under Code of Civil Procedure §567. and taking his oath, the Receiver shall have the following powers and responsibilities:

(a.)  After so qualifying, said Receiver shall take possession of the Property and collect all receivables and proceeds arising from or constituting the Property, whether presently due, or to become due in the future.  Without limiting the generality of the foregoing, the Receiver is authorized to enter into and take possession of all documents and records comprising or relating to the Property in the name of or in the possession of the Judgment Debtors, and the Receiver is authorized to enter into any place of business with or without the permission of the Judgment Debtors and/or their agents to take possession and control of the Property, including but not limited to replacing or changing locks and codes as may be necessary for such purpose in the Receiver's reasonable discretion.  The Receiver my notify account debtors of the Judgment Debtors that they should make payments to him and may take reasonable steps to collect such receivables.

(b.)The Receiver shall care for, preserve and maintain the Property and incur the expenses necessary in such care, preservation and maintenance, and monies coming into the possession of the said Receiver pursuant hereto and not expended for any of the purposes herein authorized shall be held by said Receiver, subject to such orders as this Court may hereinafter issue as to its disposition.

(c.)  The Receiver may, in his discretion, operate and conduct DenBeste Yard & Garden, Inc. in the ordinary and usual course of business, to preserve and maintain said business pending hearing on the order to show cause to confirm Receiver's appointment.   Receiver is hereby authorized to employ servants, agents, employees, clerks and accountants to purchase materials, supplies, and services and to pay therefore at ordinary and usual rates and prices out of funds that shall come into his possession as such Receiver; to bring suit in his own name without further leave of court as the Receiver deems necessary to protect, preserve and maintain the rights, privileges and property of the receivership estate; to compromise debts and to do all things and to incur the risks and obligations ordinarily incurred by owners, managers, and

-8-

operators of similar properties and enterprises and that no such risk or obligation so incurred shall be the personal risk or obligation of said Receiver but shall be a risk or obligation of the Receivership Estate.  Without limiting the generality of the foregoing, the Receiver shall have the exclusive right to exercise all powers, privileges, and rights of the Judgment Debtors with respect to any stocks, bonds, partnership interests, licenses, permits, authorizations, and the like constituting or comprising the Property, including, but not limited to, voting and proxy rights, if any.

(d.)  The Judgment Debtors shall notify the Receiver on his taking possession of the Property whether or not there is sufficient insurance coverage thereon.  If sufficient insurance coverage does exist, the Judgment Debtors shall be responsible and are hereby ordered to make certain that the Receiver is named as an additional insured on such policy for the period that the Receivership Estate shall be in possession of the Property.  If sufficient insurance coverage does not exist it is hereby ordered that the Receiver shall have fifteen (15) working days to procure said insurance on the Property, provided he has funds available to do so, and during such period, said Receiver shall not be personally responsible for claims arising form or for the procurement of insurance.

(e.)  The Receiver shall take possession and control of all of the records, correspondence, general ledgers, cash receipts journals, books, safe deposit boxes and their contents, and all deposit accounts of the Judgment Debtors which relate or refer to the Property and/or the Receivership Estate, and the maintenance and proceeds of the Property, whether in the possession and control of the Judgment Debtors or in the possession and control of agents, servants or employees of the Judgment Debtors.

(f.)  The Receiver is authorized to borrow funds on the basis of receivership certificates to be issued by the Receiver.  If necessary or appropriate, the Receiver may pledge, mortgage and hypothecate assets of the receivership estate to secure the repayment of such borrowing.

-9-

4. The Judgment Debtors, as well as all persons claiming possession or other rights by, through, or under the Judgment Debtors must, on request and exhibition of a conformed copy of this Order, immediately deliver possession of any properties described herein to the Receiver, along with all accounting, maintenance, rent, deposit accounts, safe deposit box contents, checks, drafts, stock certificates, any other negotiable instruments or deposits, and related records concerning the Property, and any keys, access codes, computer account passwords, and any other mechanisms or devices required to grant access to the Property, or to any documents or records relating thereto.

5. All persons or entities owing any money to the Judgment Debtors or DenBeste Yard & Garden, Inc. with respect to the Property shall pay the same directly to the Receiver, and shall attorn to the Receiver. Without limiting the generality of the foregoing, upon presentation of a conformed copy of this order, any financial institution holding deposit accounts to which either of the Judgment Debtors is an authorized signer, or funds or property of the Judgment Debtors, shall immediately turn all such deposit accounts, funds and property (and records related thereto) over to the Receiver upon demand.

6. Upon presentation of a conformed copy of this Order to any third party owing performance or obligation or duty to the Judgment Debtors with respect to the Property, such third parties shall render any performance or duties with respect to the Property directly to the Receiver.

7. The Receiver shall be paid a one-time startup fee of $2,000.00 and on an hourly basis in the amount of $250.00 per hour for his services as receiver, and $90.00 per hour for travel and waiting time ($300.00 flat rate round trip charge between Northern and Southern California offices). Receiver and Receiver's agents and employees shall be reimbursed at the rate of $0.60 per mile for use of their personal vehicles. Receiver is further authorized to employ servants, agents, employees, clerks and accountants, to rent vehicles and equipment, to procure transportation and lodging, to purchase materials, supplies and services, and to pay

-10-

for same at ordinary and usual rates and prices, as deemed necessary and appropriate in Receiver's discretion for operation of the receivership.  All of the aforementioned fees and expenses shall be paid out of funds that shall come into possession of the Receiver and shall constitute a first charge against the property and funds in receivership.

8.  The Receiver shall issue periodic interim accounting and reports regarding the receivership, and serve those reports on all parties to the action entitled to notice. The Receiver's interim accounting and reports may be prepared no more frequently than once per month and no less frequently than bimonthly, as deemed necessary and appropriate in Receiver's discretion.  Upon service of Receiver's interim report, Receiver may pay the amount of fees and expenses claimed in the report from funds of the receivership estate in his possession.  Amounts not paid within 10 days of service of any interim report shall bear interest at the rate of 1.5% per month from the date of the report. Any objections not timely made in accordance with C.R.C. 3.1183 shall be deemed waived.

9.  The Receiver shall, within thirty (30) days of his qualification hereunder, file in this action an inventory of all property of which he shall have taken possession pursuant hereto.

10.  The Receiver is authorized and directed to collect and open all mail of the Judgment Debtors and/or DenBeste Yard & Garden, Inc. relating to the Property, and that the Receiver shall hold all monies coming into his possession in an interest-bearing account to be expended for the following purposes and in the following priorities:

(a.)  For the expenses of administering the receivership;

(b.)  For all expenses incurred by the Receiver in managing the Property;

(c.)  For interim Receiver's fees to be paid monthly and to be paid by the Receiver from such funds as are in his possession, at the Receiver's normal and customary rate.

(d.)  The payment of any remaining funds as the Court may direct by separate order.

-11-

11. The scope of the within receivership extends to the following judgments, all pending in the Superior Court of California, County of Sonoma, entitled:

*DeMeo, et. al. v. DenBeste* and *Den Beste v DeMeo, et. al.* detailed as follows:

| Case No. | Date | Award | Interest | Costs | Amount due | Daily Int. |
|----------|------|-------|----------|-------|------------|------------|
| MCV-178973 | 10/11/2005 | $17,879.34 | $8,261.13 | $1,455.05 | $27,595.52 | $5.29 |
| SCV-240250 | 3/11/2008 | $4,398.00 | $1,032.52 | $271.00 | $5,701.52 | $1.27 |
| SCV-238135 | 5/5/2006 | $5,660.00 | $2,377.61 | $244.00 | $8,281.61 | $1.61 |
| SCV-238135 | 5/23/2008 | $11,745.61 | $2,518.63 | $244.00 | $14,508.24 | $3.28 |
| Totals | | $39,682.95 | $14,189.89 | $2,214.05 | $56,086.89 | $11.45 |

Upon payment by the Judgment Debtors to Receiver of the full amount due as shown above for all four judgments, including any accrued interest through the date of payment, plus payment of Receiver's estimated fees and expenses (as determined by Receiver), Receiver shall return possession of the Property to the Judgment Debtors and promptly notify the Court of satisfaction of the judgments.

12. In addition to all of the powers set forth herein, the Receiver is hereby vested with all of the general powers and authority provided by law to receivers, subject to further confirmation and orders of this Court. The Receiver shall, from time to time, or when directed by the Court, render to the Court reports of the proceedings and accountings with respect to all of the acts and things done by him and all monies received and expended by him or his agents.

13. The Judgment Debtors and their agents, servants, directors, officers, affiliates, employees, attorneys, representatives, and all other persons and entities who are successors in interest to or who are acting in concert or participating with them, or any of them are hereby restrained and ENJOINED from engaging in or performing, directly or indirectly, any of the following acts:

(a.) Retaining possession of the Property;

(b.) Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing or in any manner whatsoever delaying in or disposing of the whole or any part of the Property, without the written consent of the Receiver first being obtained;

-12-

(c.) Demanding, collecting, receiving, expending, disposing, assigning, secreting or in any other way diverting, using or making unavailable to the Receiver the Property or any of the issues or proceeds thereof;

(d.) Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property or the Receiver's interest therein, in whatever form the interest is held or used as of this date, pending further proceedings in this action;

(e.) Destroying, concealing, transferring or failing to preserve any document which evidences, reflects or pertains to the Property, or any part thereof;

(f.) Committing or permitting any waste of the Property or any party thereof, or suffering, committing or permitting any acts thereon in violation of the law;

(g.) Removing, transferring, encumbering or otherwise disposing of the Property until further order of this Court; or

(h.) interfering in any manner with the Property or Receiver's possession thereof. The prohibited interference includes, without limitation, communicating or contacting any contractees of the Receiver, exercising or attempting to exercise any control or management of functions in connection with the Property or otherwise engaging in acts inconsistent with the Receiver's sole authority to operate, manage and control the Property.

14.  The Receiver and the parties to this action may, from time to time and upon due notice to the parties entitled thereto, petition this Court for instructions in pursuance of this Order and further orders this Court may hereafter make.

15.  The Judgment Debtors are directed and ordered to promptly account to the Receiver for all monies representing revenues, issues and proceeds of the Property from and after January 1, 2003, up to and including the date of this Order.

16.  The Judgment Debtors shall surrender to the Receiver all monies accountable to the revenues, issues and proceeds of the Property, whether generated from the past or present, now in the possession, custody or control of the Judgment

-13-

1   Debtors, or their agents, servants or employees, and all records, books of account,

2   ledgers, and all documents and papers pertaining to the operation, maintenance and

3   proceeds of the Property, whether in the possession and control of the Judgment

4   Debtors or in the possession and control of agents, servants or employees of the

5   Judgment Debtors.

6       17.  The Receiver shall prepare, file and serve a written report as to the

7   Property of the receivership, including a recommendation as to how to satisfy the

8   subject judgments from said Property if the receivership is confirmed, not less than

9   five days before the confirmation hearing.

**CONCLUSION:**

10      This Court is most mindful of the nature and quality of this collection effort.  The

11  consequences for the judgment debtors are significant and the Court does not

12  undertake this Order lightly.  But the Court is concerned that further delays in

13  collection of this longstanding judgment debt will diminish and in important ways make

14  mockery of the very processes of the Court system itself.  It is in light of that concern

15  that the Court makes the effective date of this Order ten (10) days from today's date.

16  It is the Court's sincere hope that during that time period Judgment Debtors will take

17  care of this obligation and avoid the specter of this drastic measure of collection.

18  Failing that, the process of the Court and the Receiver will move forward, as they

19  must, pursuant to the terms of this order.

20  DATED:  Aug 19, 2010

21  ELLIOT LEE DAUM
    Judge of the Superior Court

22

23

24

25

26

27

28

-14-

PROOF OF SERVICE
(CCP 1013a, 2015.5; CRC 2008)

I am an employee of the Superior Court of Sonoma County, State of California. I am over the age of 18 years and not a party to the within action. My business address is 3035 Cleveland Avenue, Suite 200, Department 16, Santa Rosa, California, 95403.

On this date I served the attached:

RULING ON APPLICATION FOR ORDER APPOINTING RECEIVER;
ORDER TO SHOW CAUSE WHY RECEIVER SHOULD NOT BE CONFIRMED;
AND FOR TEMPORARY RESTRAINING ORDER

on the following party to this action by placing a true and correct copy therein in a sealed envelope, addressed as follows:

John F. DeMeo
DeMeo & DeMeo
565 W. College Avenue
Santa Rosa, CA 95401

Thomas Van Zandt
P.O. Box 8
El Verano, CA 95433

Melody Den Beste
P.O. Box 186
Cloverdale, CA 95425

Mandy Power
Judgment Enforcement USA
P.O. Box 615
Newcastle, CA 95658

Patrick Bulmer, Receiver
California Receivership Services
P.O. Box 5128
Oroville, CA 95966

[XX]  (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the Superior Court of Sonoma County for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

[_]  (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

[ ]  (BY FACSIMILE) I caused the said document to be transmitted by facsimile machine to the facsimile numbers listed above. The transmission was reported as complete and without error, and the transmission report attached hereto was properly issued by the transmitting facsimile machine.

-15-

1    I declare under penalty of perjury, under the laws of the State of California, that

2   the foregoing is true and correct and that this declaration was executed on _8/20_

3   2010, at Santa Rosa, California.

4   KRISTEN WILSON

5   (Type or print name)                           (Signature)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B

1  HON. ELLIOT LEE DAUM
   JUDGE OF THE SONOMA COUNTY
2  SUPERIOR COURT - Courtroom 16
   3035 Cleveland Avenue, Suite 200
3  Santa Rosa, CA 95403
   (707) 521-6729
4

ENDORSED
FILED

AUG 2 3 2010

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

5

6

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

9

10  JOHN F. DEMEO and BRADFORD          Case No. MCV-178973
11  DEMEO, partners, doing business under
    the firm name of DeMeo and DeMeo    AMENDED ORDER APPOINTING
12                                      RECEIVER FORTHWITH
              Plaintiffs,
13                                      DATE: AUGUST 23, 2010
        v.                             TIME:  8:30 A.M.
14                                      DEPT: 16
    PAUL DEN BESTE and MELODY DEN
15  BESTE,

16            Defendants.

17  TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

18       This matter came on for hearing on August 23, 2010, for an Order of Examination

19  of Paul Den Beste in Department 17 of the Sonoma County Superior Court with the

20  Honorable Elliot Lee Daum presiding. Mandy Power dba Judgment Enforcement USA,

21  Assignee of record, was present. Defendant Paul Den Beste self-represented party

22  was also present. The parties address the Court and the Court hereby makes the

23

24  following orders:

25       For failure to produce the documents at today's hearing, the Court imposes

26  sanctions against Defendant, Paul Den Beste in the amount of $500. Sanctions are to

27  be paid within one week from today's date. To be relieved from imposition of sanctions,

28

-1-

1 | Defendant Paul Den Beste to provide the requested documents within seven (7) days

2 | from today's date.

3 |  The Court further modifies its Ruling on Application for Order Appointing

4 | Receiver, Order to Show Cause Why Receiver Should Not Be Confirmed and For

5 | Temporary Restraining Order filed on August 20, 2010, and now appoints the Receiver,

6 | 

7 | Patrick Bulmer of California Receivership Services forthwith.

8 |  Parties were given notice of this modification and order in open court.

9 | DATED:  August 23, 2010

10 | 

11 | ELLIOT LEE DAUM
  Judge of the Superior Court

1

<u>PROOF OF SERVICE</u>
(CCP 1013a, 2015.5; CRC 2008)

2

3
I am an employee of the Superior Court of Sonoma County, State of California. I am

4
over the age of 18 years and not a party to the within action. My business address is

5
3035 Cleveland Avenue, Suite 200, Department 16, Santa Rosa, California, 95403.

6
On this date I served the attached:

7
RULING ON APPLICATION FOR ORDER APPOINTING RECEIVER;
ORDER TO SHOW CAUSE WHY RECEIVER SHOULD NOT BE CONFIRMED;

8
AND FOR TEMPORARY RESTRAINING ORDER

9
on the following party to this action by placing a true and correct copy therein in a
sealed envelope, addressed as follows:

10

11
John F. DeMeo
DeMeo & DeMeo
565 W. College Avenue

12
Santa Rosa, CA 95401

Thomas Van Zandt
P.O. Box 8
El Verano, CA 95433

13

14
Melody Den Beste
P.O. Box 186
Cloverdale, CA 95425

15

Mandy Power
Judgment Enforcement USA
P.O. Box 615
Newcastle, CA 95658

16
Patrick Bulmer, Receiver
California Receivership Services

17
P.O. Box 5128
Oroville, CA 95966

Paul Den Beste
P.O. Box 186
Cloverdale, CA 95425

18

19
[XX]    (BY MAIL) I placed each such sealed envelope, with postage thereon fully
prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following

20
ordinary business practices. I am readily familiar with the Superior Court of Sonoma
County for processing of correspondence, said practice being that in the ordinary

21
course of business, correspondence is deposited in the United States Postal Service
the same day as it is placed for processing.

22

23
[__]    (BY PERSONAL SERVICE) I caused each such envelope to be delivered by
hand to the addressee(s) noted above.

24
[  ]    (BY FACSIMILE) I caused the said document to be transmitted by facsimile
machine to the facsimile numbers listed above. The transmission was reported as

25
complete and without error, and the transmission report attached hereto was properly
issued by the transmitting facsimile machine.

26

27
I declare under penalty of perjury, under the laws of the State of California, that the
foregoing is true and correct and that this declaration was executed on _____

28
2010, at Santa Rosa, California.
<u>KRISTEN WILSON</u>
(Type or print name)

(Signature)

Exhibit C

1  PATRICK BULMER
   CALIFORNIA RECEIVERSHIP SERVICES
2  PO Box 5128
   Oroville, CA 95966
3  Telephone: (530) 370-6651
4  Facsimile:  (800) 543-3303

5  Court Appointed Receiver

ENDORSE[.]
FILED

DEC -5 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SONOMA

10  JOHN F. DEMEO and BRADFORD      )   Case No.: **MCV-178973**
11  DEMEO, partners, doing business under )
    the firm name, DeMeo and DeMeo,  )
12                                   )   THIRD INTERIM REPORT OF RECEIVER
            Plaintiffs,              )
13                                   )
14        vs.                        )
                                     )
15  PAUL DEN BESTE and MELODY DEN    )
    BESTE,                           )
16                                   )
            Defendants.              )
17  _____ )

18

19        Patrick Bulmer, Court Appointed Receiver in this matter (hereinafter "Receiver")

20  hereby submits the following Third Interim Report.

21  **PROCEDURAL BACKGROUND**

22        Following entry of the Ruling re: Funds Seized By Receiver on December 10, 2012

23  and service of Receiver's Second Interim Report on January 21, 2013, Receiver distributed

24  the funds he was holding, $66,001.01 as follows:

25        Receiver's Interim Fees and Expenses through Second Report        $32,003.14

26        Receiver's Attorney, Steven M. Olson (through January 16, 2013 bill)   $11,727.50

27        Judgment Creditor Mandy Power                                       $19,270.37

28                                    **Total Distribution:**    **$63,001.01**

Receiver also withheld $3,000.00 to be applied to anticipated fees and expenses through Receiver's estimated discharge.

Through communications with judgment creditor Mandy Power, Receiver understood that Power was negotiating with Jeffry Locke, the Chapter 7 trustee in the Den Bestes' bankruptcy case, for payment of the balance of her claim from the bankruptcy estate. This was based on a repurchase of the Den Bestes' assets from the bankruptcy estate in the amount of $250,000.00.

Judgment creditor Mandy Power passed away on August 1, 2013. On August 2, 2013, the U.S. Bankruptcy Court, Northern District of California, Santa Rosa Division approved a settlement reached between Ms. Power and the bankruptcy estate. Receiver has worked with Ms. Power's attorney and personal representative to facilitate the settlement, and Ms. Power's estate has been paid in full for the underlying judgments that are subject to the receivership, and those judgments are now fully satisfied.

**NARRATIVE REPORT OF EVENTS**

On April 17, 2013, Paul Den Beste, ostensibly acting on behalf of the James L. Den Beste Family 1997 Trust, filed an involuntary Chapter 7 bankruptcy petition against Receiver alleging, *inter alia*, that Receiver "is generally not paying [Receiver's] debts as they become due," and that Receiver owes Paul Den Beste a debt in the amount of $66,001.01 that is not "the subject of a bona fide dispute as to liability or amount."

On May 2, 2013, upon Receiver's ex parte application, the Court authorized Receiver to employ counsel: Steven M. Olson of Santa Rosa, to represent Receiver in the involuntary bankruptcy case; and Brad C. Brereton of Santa Cruz, to represent Receiver in future proceedings in this action.

During this time, Receiver primarily dealt with his bankruptcy attorney in response to Paul Den Beste's involuntary petition. Receiver also handle routine business related to the Den Bestes' bankruptcy petition and facilitating payment of the final settlement from the bankruptcy trustee to judgment creditor Power, as detailed in Receiver's attached billing statement.

---

On July 1, 2013, the bankruptcy court entered an order dismissing the involuntary petition. However, Paul Den Beste filed additional motions seeking to vacate the dismissal and requesting a bench warrant issued against Receiver. The bankruptcy court denied these motions on August 30, 2013.

On September 11, 2013, Paul Den Beste filed a notice of appeal regarding dismissal of the involuntary bankruptcy case. Said appeal remains pending.

Receiver's counsel had hearing set for December 3, 2013 on a motion for attorney fees and damages resulting from the bankruptcy case. However, Paul Den Beste filed a lengthy written objection to the tentative ruling of the Bankruptcy Court on December 2, 2013. The Bankruptcy Court indicated at the hearing on December 3 that the matter was submitted and an order would be issued upon determination.

## RECEIVER'S INTERIM FEES & EXPENSES

Attached hereto as **Exhibit A** is a true and correct statement of Receiver's fees and expenses incurred from February 19, 2013 through December 4, 2013.

| | |
|---|---:|
| Receiver's Interim Fees and Expenses on Third Interim Report | $8,834.60 |
| Less Reserve Held in Trust | ($3,000.00) |
| **Balance Due on Receiver's Fees and Expenses:** | **$5,834.60** |

## RECEIVER'S ATTORNEY FEES

Pursuant to authorization from this Court entered in the minutes on September 16, 2010. Receiver retained attorney Steven M. Olson to represent Receiver in the DEN BESTES' bankruptcy case. Mr. Olson has also advised Receiver in relation to the lawsuit filed against Receiver and MANDY POWER in the U.S. District Court, Eastern District of California. On May 2, 2013, this Court authorized Receiver to employ Mr. Olson to defend against the involuntary bankruptcy petition filed against Receiver (as an individual) by Paul Den Beste.

Attached hereto as **Exhibit B** are true and correct copies of attorney Steven M. Olson's billing statements generated on October 22, 2013 and November 26, 2013 in the total amount of **$14,296.74**. Previous billing statements from attorney Steven M. Olson were

---

1  attached to Receiver's First and Second Interim Reports and served on all parties entitled to

2  notice.

3  **FINANCIAL REPORT**

4      Receiver is holding $3,000.00 remaining from funds seized from the James L. Den

5  Beste Family Trust to cover Receiver's interim fees and expenses. Receiver will pay those

6  funds upon service of this Third Interim Report.

7      I declare under penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct. Executed at Oroville, California.

9

10  Date: <u>December 4, 2013</u>

Patrick Bulmer, Court Appointed Receiver
California Receivership Services
PO Box 5128
Oroville, CA 95966
Tel:   (530) 370-6651
Fax:   (800) 543-3303

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

California Receivership Services
PO Box 5128
Oroville, CA 95966

Date: 12/04/2013

Regarding: DeMeo v. DenBeste
Invoice No:   00062

**Services Rendered**

| Date | Staff | Description | Hours | Rate | Charges |
|------|-------|-------------|-------|------|---------|
| 2/19/2013 | PB | Review / Respond to Email from MLP, re: Second Interim Report | 0.10 | $250.00 | $25.00 |
| 4/28/2013 | PB | Review / Respond to Email from BCB, re: Representation in State Court | 0.10 | $250.00 | $25.00 |
| 4/28/2013 | PB | Email to BCB, re: Representation in State Court Action | 0.10 | $250.00 | $25.00 |
| 4/28/2013 | PB | Review / Respond to Email from SMO | 0.10 | $250.00 | $25.00 |
| 4/28/2013 | PB | Review Summons & Involuntary BK Petition (PB); Email to MP, re: Status of BK Claim; Scan / Email Summons, Petition to S. Olsen | 0.40 | $250.00 | $100.00 |
| 4/29/2013 | PB | Review BK Documents; Research Contempt; Scan Proof of Claim | 0.80 | $250.00 | $200.00 |
| 4/29/2013 | PB | Phone w/ J. Blumberg, UST Office | 0.20 | $250.00 | $50.00 |
| 4/29/2013 | PB | Review / Respond to Email from SMO; Phone w/ MP, re: Status of BK Claim | 0.60 | $250.00 | $150.00 |
| 4/30/2013 | PB | Draft EPA for Instructions | 2.50 | $250.00 | $625.00 |
| 5/01/2013 | PB | Phone w/ BCB; Modify EPA; Draft Proposed Order | 1.00 | $250.00 | $250.00 |
| 5/01/2013 | PB | Draft EPA for Instructions (continued) | 0.50 | $250.00 | $125.00 |
| 5/01/2013 | PB | Notice to Parties of Ex Parte Application; Phone w/ SMO, re: Petition; Phone to Court, re: EPA Scheduling | 1.10 | $250.00 | $275.00 |
| 5/01/2013 | PB | Draft EPA for Instructions (continued) | 0.90 | $250.00 | $225.00 |
| 5/01/2013 | PB | Return Call to AKM, re: Ex Parte Application; Review Notice | 0.20 | $250.00 | $50.00 |
| 5/02/2013 | PB | In Court on EPA to Employ Counsel for Bankruptcy | 1.40 | $250.00 | $350.00 |
| 5/02/2013 | PB | Travel from Home to Sonoma County Sup Ct. | 3.20 | $90.00 | $288.00 |
| 5/02/2013 | PB | Travel from Sup. Ct. to Home | 3.20 | $90.00 | $288.00 |
| 5/03/2013 | PB | Journal / Accounting; Serve EPA and Order on Parties; Phone w/ SMO | 1.00 | $250.00 | $250.00 |

California Receivership Services
Page No.:    2

| 5/13/2013 | PB | Review Motion to Dismiss Draft; Email Comments to SMO | 0.50 | $250.00 | $125.00 |
|---|---|---|---|---|---|
| 6/02/2013 | PB | Review / Respond to Email from SMO, re: BK Tentative Ruling | 0.20 | $250.00 | $50.00 |
| 6/03/2013 | PB | Review Email from S. Olson, re: Hearing; Prepare Requested Documents; Time Accounting | 0.70 | $250.00 | $175.00 |
| 6/03/2013 | PB | Legal Research, re: Involuntary Bankruptcy Case | 1.40 | $250.00 | $350.00 |
| 6/03/2013 | PB | Review / Respond to Email from SMO, re: Documents for BK Hearing | 0.10 | $250.00 | $25.00 |
| 6/14/2013 | PB | Review PDB Opposition to Motion to Dismiss; Notes to Attorney | 0.60 | $250.00 | $150.00 |
| 6/15/2013 | PB | Review / Respond to Email from SMO, re: BK Motion to Dismiss | 0.20 | $250.00 | $50.00 |
| 6/17/2013 | PB | Review Reply Docs on BK Motion to Dismiss | 0.20 | $250.00 | $50.00 |
| 6/25/2013 | PB | Receive / Review Minute Order Dismissing BK; Review / Respond to Email from SMO | 0.40 | $250.00 | $100.00 |
| 6/26/2013 | PB | Receive / Review Proposed Order from SMO; Respond to Email | 0.20 | $250.00 | $50.00 |
| 7/09/2013 | PB | Receive / Review PDB App for Warrant; Email to SMO | 0.20 | $250.00 | $50.00 |
| 7/11/2013 | PB | Receive / Review Draft EPA from SMO | 0.10 | $250.00 | $25.00 |
| 7/11/2013 | PB | Receive / Review Opp to PDB Motions from SMO | 0.20 | $250.00 | $50.00 |
| 7/11/2013 | PB | Receive / Review Email from SMO; Phone w/ SMO, re: Response to PDB Motion | 0.50 | $250.00 | $125.00 |
| 7/12/2013 | PB | Review / Respond to Email from M. Power, re: BK Compromise; Email to SMO, re: Power Compromise | 0.20 | $250.00 | $50.00 |
| 7/12/2013 | PB | Email to Mandy Power, re: Settlement of BK Claim; Review PDB Motions | 0.40 | $250.00 | $100.00 |
| 8/02/2013 | PB | Voice Mail / Return Call to S. Olson, re: Settlement of Power Claim | 0.50 | $250.00 | $125.00 |
| 9/16/2013 | PB | Phone w/ Atty, re: Involuntary Bankruptcy Appeal | 0.90 | $250.00 | $225.00 |
| 10/21/2013 | PB | Email to SMO; Compile Personal Information for Credit Reporting Agencies | 0.70 | $250.00 | $175.00 |
| 10/21/2013 | PB | Prepare PDB Litigation History Notes and Billing Statement for SMO | 2.60 | $250.00 | $650.00 |
| 11/19/2013 | PB | Review PDB Opp to BK Motion for Atty Fees / Damages; Email to SMO | 1.40 | $250.00 | $350.00 |
| 11/25/2013 | PB | Review Reply Decl; Notes to SMO, re: Reply | 0.20 | $250.00 | $50.00 |
| 11/25/2013 | PB | Sign / Return Reply Decl | 0.10 | $250.00 | $25.00 |
| 11/26/2013 | PB | Review Reply; Review SMO Billing | 0.30 | $250.00 | $75.00 |
| 11/27/2013 | PB | Review Tentative Ruling in BK Case; | 0.30 | $250.00 | $75.00 |

California Receivership Services
Page No.:      3

Email to SMO

| | | | | | |
|---|---|---|---|---|---|
| 11/28/2013 | PB | Draft EPA to Resume Duties / Marshal Assets | 1.80 | $250.00 | $450.00 |
| 11/29/2013 | PB | Draft EPA to Resume Duties / Marshal Assets (cont.) | 2.30 | $250.00 | $575.00 |
| 12/01/2013 | PB | Draft EPA to Resume Duties / Marshal Assets (cont.) | 1.60 | $250.00 | $400.00 |
| 12/02/2013 | PB | Email / Phone w/ Atty SMO, re: Hearing on BK Motion | 0.40 | $250.00 | $100.00 |
| 12/02/2013 | PB | Phone w/ Atty BCB, re: EPA to Resume Duties | 0.50 | $250.00 | $125.00 |
| 12/03/2013 | PB | Review PDB Opp to BK Ruling; Phone w/ SMO | 0.20 | $250.00 | $50.00 |
| 12/04/2013 | PB | Draft EPA to Resume Duties / Marshal Assets (cont.) | 1.40 | $250.00 | $350.00 |

Total Fees        $8,651.00

**Expenses**

| Start Date | Description | Quantity | Price | Charges |
|---|---|---|---|---|
| 5/02/2013 | Mileage: Roundtrip from Home to Sup. Ct. | 306.00 | $0.60 | $183.60 |

Total Expenses        $183.60

Total New Charges                              $8,834.60

Total Amount Due this Bill        $8,834.60

# Exhibit B

# Law Office of Steven M. Olson

*100 E. Street*
*Suite 104*
*Santa Rosa, CA 95404*
*(707) 575-1800*

Invoice submitted to:
Patrick Bulmer
CA

October 22, 2013

Invoice #10871

### Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/28/2013 | SMO | billable time<br>Review of correspondence from client attaching involuntary petition (two emails).<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
| | SMO | billable time<br>Correspondence with client re involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 4/29/2013 | SMO | billable time<br>Review of correspondence from client attaching Superior Court ruling re funds seized by Receiver, Bankruptcy Court's order of abandonment, and Den Beste's proof of claim.<br>Involuntary Petition | 0.30<br>400.00/hr | 120.00 |
| | SMO | billable time<br>Review of correspondence from client re strategy re responding to involuntary petition (two emails).<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
| | SMO | billable time<br>Correspondence with client re strategy re response to involuntary petition.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
| | SMO | billable time<br>Legal research re filed by involuntary petition filed by Mr. Den Beste.<br>Involuntary Petition | 0.60<br>400.00/hr | 240.00 |
| 4/30/2013 | SMO | billable time<br>Review of correspondence from client re application to be submitted to Superior Court for Receiver's authority to retain counsel to defend involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |

Patrick Bulmer                                                                   Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/1/2013 SMO | billable time<br>Telephone call with client re strategy re involuntary petition filed against client.<br>Involuntary Petition | | 0.30<br>400.00/hr | 120.00 |
| SMO | billable time<br>Review of correspondence from client attaching application of Receiver to employ counsel and proposed order.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| 5/2/2013 SMO | billable time<br>Telephone call with client re involuntary petition filed by Mr. Den Beste against client.<br>Involuntary Petition | | 0.30<br>400.00/hr | 120.00 |
| 5/3/2013 SMO | billable time<br>Review of correspondence from client attaching issued order on Receiver's application to employ counsel.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Review of correspondence from client re request for judicial notice in motion to dismiss involuntary petition.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Review of correspondence from client re California Court's vexatious litigants list.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Legal research re potential "vexatious litigant" remedies against Mr. Den Beste.<br>Involuntary Petition | | 0.40<br>400.00/hr | 160.00 |
| 5/7/2013 SMO | billable time<br>Legal research re potential grounds to pursue sanctions against Mr. Den Beste.<br>Involuntary Petition | | 0.40<br>400.00/hr | 160.00 |
| 5/8/2013 SMO | billable time<br>Staff conference re motion to dismiss involuntary petition.<br>Involuntary Petition | | 0.50<br>400.00/hr | 200.00 |
| SMO | billable time<br>Review of correspondence from client re strategy re opposition to involuntary petition<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |

Patrick Bulmer                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/10/2013 | JMF | billable time<br>Prepare draft motion to dismiss involuntary petition.<br>Involuntary Petition | 0.70<br>90.00/hr | 63.00 |
|  | JMF | billable time<br>Initial draft preparation of memorandum of points and authorities in support<br>of motion to dismiss.<br>Involuntary Petition | 0.20<br>90.00/hr | 18.00 |
|  | JMF | billable time<br>Prepare draft notice of hearing on motion to dismiss.<br>Involuntary Petition | 0.30<br>90.00/hr | 27.00 |
|  | JMF | billable time<br>Prepare draft request for judicial notice.<br>Involuntary Petition | 0.30<br>90.00/hr | 27.00 |
| 5/13/2013 | JMF | billable time<br>Continued preparation of memorandum of points and authorities in support<br>of motion to dismiss.<br>Involuntary Petition | 1.80<br>90.00/hr | 162.00 |
|  | JMF | billable time<br>Continued preparation of request for judicial notice and preparation of<br>corresponding exhibit document.<br>Involuntary Petition | 0.60<br>90.00/hr | 54.00 |
|  | JMF | billable time<br>Travel to, time at, and travel from California Civil Court re review of docket<br>from civil proceeding.<br>Involuntary Petition | 1.00<br>90.00/hr | 90.00 |
|  | JMF | billable time<br>Review and revise motion to dismiss involuntary petition.<br>Involuntary Petition | 0.20<br>90.00/hr | 18.00 |
|  | JMF | billable time<br>Correspondence with client attaching draft motion papers to dismiss<br>involuntary petition.<br>Involuntary Petition | 0.10<br>90.00/hr | 9.00 |
|  | SMO | billable time<br>Review and revise draft motion to dismiss involuntary petition, request for<br>judicial notice, notice of hearing on motion, and memorandum of points<br>and authorities in support of motion.<br>Involuntary Petition | 0.90<br>400.00/hr | 360.00 |

Patrick Bulmer                                                                     Page      4

| | | | | Hrs/Rate | Amount |
|---|---|---|---|---|---|

5/13/2013 SMO   billable time
                Review of correspondence from client re draft motion to dismiss          0.10          40.00
                involuntary petition.                                                    400.00/hr
                Involuntary Petition

5/14/2013 JMF   billable time
                Review of correspondence from client re compensatory damages; Review     0.20          18.00
                and revise motion and memorandum re same.                                90.00/hr
                Involuntary Petition

          JMF   billable time
                Prepare proof of service.                                                0.30          27.00
                Involuntary Petition                                                     90.00/hr

          SMO   billable time
                Staff conference re calendaring re matters relating to motion to dismiss 0.10          40.00
                involuntary petition.                                                    400.00/hr
                Involuntary Petition

5/15/2013 JMF   billable time
                Schedule Court Call telephonic appearance re hearing on motion to        0.20          18.00
                dismiss petition.                                                        90.00/hr
                Involuntary Petition

5/30/2013 SMO   billable time
                Correspondence with client attaching Mr. Den Beste's opposition papers   0.10          40.00
                re motion to dismiss involuntary petition.                               400.00/hr
                Involuntary Petition

5/31/2013 SMO   billable time
                Review of correspondence re tentative decision on motion to dismiss      0.10          40.00
                involuntary petition.                                                    400.00/hr
                Involuntary Petition

          SMO   billable time
                Receipt and review of declaration of Mr. Den Beste.                      0.10          40.00
                Involuntary Petition                                                     400.00/hr

          SMO   billable time
                Receipt and review of opposition of Mr. Den Beste to motion to dismiss.  0.10          40.00
                Involuntary Petition                                                     400.00/hr

          SMO   billable time
                Correspondence with client re bankruptcy court's tentative decision      0.10          40.00
                granting motion to dismiss involuntary petition.                         400.00/hr
                Involuntary Petition

Patrick Bulmer                                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/3/2013 | SMO | billable time<br>Prepare for hearing on motion to dismiss involuntary petition.<br>Involuntary Petition | 0.40<br>400.00/hr | 160.00 |
|  | SMO | billable time<br>Telephonic appearance at hearing on motion to dismiss involuntary petition.<br>Involuntary Petition | 0.90<br>400.00/hr | 360.00 |
|  | SMO | billable time<br>Correspondence with client re hearing.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
|  | SMO | billable time<br>Review of Superior Court orders re authority to cease funds from family trust.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
|  | SMO | billable time<br>Review of correspondence from client re hearing on motion to dismiss involuntary petition (2 emails).<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Receipt and review of civil minutes continuing hearing on motion to dismiss case.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Correspondence with client re strategy re involuntary petition filed by Den Beste.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 6/11/2013 | SMO | billable time<br>Receipt and review of Mr. Den Beste's objection to Court's tentative ruling.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Receipt and review of Mr. Den Beste's request for judicial notice.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 6/12/2013 | SMO | billable time<br>Review of correspondence from client re request for judicial notice.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 6/14/2013 | SMO | billable time<br>Review of correspondence from client re opposition of Den Beste to motion to dismiss case.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |

Patrick Bulmer                                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/15/2013 | SMO | billable time<br>Correspondence with client re strategy re reply papers on motion to<br>dismiss involuntary petition.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
|  | SMO | billable time<br>Prepare draft declaration of client in support of motion to dismiss<br>involuntary petition.<br>Involuntary Petition | 0.30<br>400.00/hr | 120.00 |
|  | SMO | billable time<br>Correspondence with client attaching client declaration in support of<br>motion to dismiss involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Review of correspondence from client attaching declaration signature.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 6/17/2013 | SMO | billable time<br>Prepare draft reply memorandum re motion to dismiss involuntary petition;<br>Legal research re same.<br>Involuntary Petition | 1.70<br>400.00/hr | 680.00 |
|  | SMO | billable time<br>Correspondence with client re draft reply memorandum and declaration of<br>counsel.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Prepare draft declaration of counsel in support of motion to dismiss<br>involuntary petition.<br>Involuntary Petition | 0.40<br>400.00/hr | 160.00 |
|  | JMF | billable time<br>Prepare certificate of service.<br>Involuntary Petition | 0.20<br>90.00/hr | 18.00 |
|  | JMF | billable time<br>Prepare exhibit document to declaration of attorney Olson.<br>Involuntary Petition | 0.20<br>90.00/hr | 18.00 |
| 6/19/2013 | JMF | billable time<br>Set up telephonic appearance re hearing on motion to dismiss.<br>Involuntary Petition | 0.10<br>90.00/hr | 9.00 |

Patrick Bulmer                                                                                    Page     7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/20/2013 | SMO | billable time<br>Review of correspondence from client attaching Court's tentative ruling on motion to dismiss involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Correspondence with client re Court's tentative ruling on motion to dismiss involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 6/24/2013 | SMO | billable time<br>Prepare for hearing on motion to dismiss involuntary petition.<br>Involuntary Petition | 0.50<br>400.00/hr | 200.00 |
|  | SMO | billable time<br>Telephonic appearance at hearing on motion to dismiss involuntary petition.<br>Involuntary Petition | 1.00<br>400.00/hr | 400.00 |
|  | SMO | billable time<br>Correspondence with client re hearing on motion to dismiss involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Review of correspondence from client re hearing on motion to dismiss involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 6/25/2013 | JMF | billable time<br>Prepare draft order granting motion to dismiss involuntary petition.<br>Involuntary Petition | 0.40<br>90.00/hr | 36.00 |
|  | SMO | billable time<br>Receipt and review of minute order granting motion to dismiss involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Correspondence with client re minute order granting motion to dismiss involuntary petition.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Receipt and review of Den Beste's objection to Court's tentative ruling.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |

Patrick Bulmer                                                                     Page      8

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/26/2013 JMF | billable time<br>Prepare certificate of service re order granting motion to dismiss.<br>Involuntary Petition | | 0.20<br>90.00/hr | 18.00 |
| SMO | billable time<br>Review and revise proposed order granting motion to dismiss involuntary petition.<br>Involuntary Petition | | 0.20<br>400.00/hr | 80.00 |
| SMO | billable time<br>Correspondence with client attaching proposed order.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Review of correspondence from client re court's civil minutes and re client's request to review proposed order.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Review of correspondence from client re proposed order on motion to dismiss involuntary petition.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| 6/27/2013 SMO | billable time<br>Review and revise proposed order granting motion to dismiss petition.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Staff conference re lodging and service of proposed order.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| 7/9/2013 JMF | billable time<br>Correspondence with client attaching application for arrest warrant against client.<br>Involuntary Petition | | 0.10<br>90.00/hr | 9.00 |
| SMO | billable time<br>Receipt and review of Den Beste's notice of motion to vacate or modify July 1 order.<br>Involuntary Petition | | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Receipt and review of memorandum of points and authorities in support of Den Beste's motion.<br>Involuntary Petition | | 0.20<br>400.00/hr | 80.00 |

Patrick Bulmer                                                                    Page      9

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/9/2013 | SMO | billable time<br>Receipt and review of Den Beste's joinder of chapter 7 trustee to his motion to vacate or modify order.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Receipt and review of Den Beste's application for issuance of arrest warrant for client.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Receipt and review of application of Den Beste for issuance of arrest warrant against client.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Review of correspondence from client re application for issuance of arrest warrant.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 7/11/2013 | SMO | billable time<br>Correspondence with client re strategy regarding response to the latest motion filed by Den Beste.<br>Involuntary Petition | 0.30<br>400.00/hr | 120.00 |
| | SMO | billable time<br>Telephone call with client re status and strategy.<br>Involuntary Petition | 0.50<br>400.00/hr | 200.00 |
| | SMO | billable time<br>Receipt and review of notice of hearing on motion for issuance of arrest warrant.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Prepare draft ex party motion to reschedule hearings of Mr. Den Beste's post dismissal motions.<br>Involuntary Petition | 0.40<br>400.00/hr | 160.00 |
| | SMO | billable time<br>Correspondence with client attaching draft motion.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Prepare draft memorandum and opposition to latest motions filed by Mr. Den Beste.<br>Involuntary Petition | 0.80<br>400.00/hr | 320.00 |

Patrick Bulmer                                                                    Page      10

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/11/2013 | SMO | billable time<br>Correspondence with client regarding draft memorandum.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Review of correspondence from client re draft ex party motion.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Correspondence with client re attaching all documents filed recently by Mr.<br>Den Beste and re Den Beste bankruptcy trustee's compromise with Ms.<br>Power.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Review of correspondence from client re opposition to Den Beste's latest<br>motion (3 emails).<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 7/12/2013 | JMF | billable time<br>Prepare certificate of service.<br>Involuntary Petition | 0.20<br>90.00/hr | 18.00 |
| | JMF | billable time<br>Prepare draft order granting ex parte motion to reschedule hearing.<br>Involuntary Petition | 0.30<br>90.00/hr | 27.00 |
| | SMO | billable time<br>Staff conference regarding service of ex parte motion to reschedule<br>hearing on Mr. Den Beste's motions and on opposition to Mr. Den Beste's<br>motions.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 7/16/2013 | SMO | billable time<br>Receipt and review of court's order re motion to expedite hearing on Den<br>Beste motions.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Correspondence with client re court's order.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 8/2/2013 | SMO | billable time<br>Telephone call with client.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |

Patrick Bulmer                                                                  Page    11

|            |     |                                                                                                          | Hrs/Rate          | Amount |
|------------|-----|----------------------------------------------------------------------------------------------------------|-------------------|--------|
| 8/22/2013  | JMF | billable time<br>Online scheduling of telephonic appearance re hearings on motions of Den Beste.<br>Involuntary Petition | 0.10<br>90.00/hr  | 9.00   |
|            | SMO | billable time<br>Review of correspondence from client attaching tentative decision re motions of Mr. Den Beste.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00  |
|            | SMO | billable time<br>Correspondence with client re tentative decisions and re hearing on Mr. Den Beste's motions.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00  |
| 8/23/2013  | SMO | billable time<br>Review of correspondence from Mr. Den Beste re opposition to tentative decision in involuntary case.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00  |
|            | SMO | billable time<br>Correspondence with client re correspondence from Mr. Den Beste.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00  |
| 8/26/2013  | SMO | billable time<br>Prepare for telephonic appearance for hearing on Mr. Den Beste's motions.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00  |
|            | SMO | billable time<br>Receipt and review of Mr. Den Beste's opposition to tentative ruling.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00  |
|            | SMO | billable time<br>Telephonic appearance at hearing on motions.<br>Involuntary Petition | 0.50<br>400.00/hr | 200.00 |
| 8/28/2013  | SMO | billable time<br>Receipt and review of civil minutes of Court re hearing on motion to return funds to bankruptcy estate or to Trust.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00  |
|            | SMO | billable time<br>Receipt and review of Court's civil minutes re hearing on motion for arrest warrant.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00  |

Patrick Bulmer                                                      Page      12

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/30/2013 | SMO | billable time<br>Receipt and review of Court's civil minute order denying motion for arrest warrant.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Receipt and review of Court's civil minute order denying order to return funds to bankruptcy estate or to Den Beste Family Trust.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Receipt and review of Court's minute order denying motion to vacate dismissal of case.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 9/12/2013 | SMO | billable time<br>Receipt and review of Mr. Den Beste's notice of appeal of order on motion to dismiss case.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Receipt and review of Mr. Den Beste's notice of appeal from order denying motion to vacate order dismissing involuntary petition and denying motion to issue arrest warrant.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
| | SMO | billable time<br>Receipt and review of Mr. Den Beste's election for appeal to be heard by District Court for Eastern District of California.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Receipt and review of Clerk's certificate of notice re appeal.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Receipt and review of notice of transfer of appeal to District Court.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 9/13/2013 | SMO | billable time<br>Receipt and review of District Court's opening letter re appeal.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 9/15/2013 | SMO | billable time<br>Legal research re issues re Den Beste's appeal and prospects for security for costs of appeal.<br>Involuntary Petition | 0.30<br>400.00/hr | 120.00 |

Patrick Bulmer                                                                    Page    13

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|

| 9/15/2013 | SMO | billable time<br>Correspondence with client re Den Beste's appeal and strategy re same.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
|  | SMO | billable time<br>Review of correspondence with client re Den Beste's appeal.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 9/16/2013 | SMO | billable time<br>Telephone call with client re strategy re motion for fees and damages for<br>wrongful filing of involuntary petition and re strategy re Mr. Den Beste's<br>appeal.<br>Involuntary Petition | 0.80<br>400.00/hr | 320.00 |
| 9/23/2013 | SMO | billable time<br>Receipt and review of notice of appeal re order sustaining objection to<br>claim, notice of election for appeal to be forwarded to and heard by District<br>Court, and transmittal of record on appeal.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 10/1/2013 | SMO | billable time<br>Receipt and review of notice of docketing record on appeal.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 10/21/2013 | JMF | billable time<br>Correspondence with client attaching executed letters to credit reporting<br>agencies.<br>Involuntary Petition | 0.10<br>90.00/hr | 9.00 |
|  | SMO | billable time<br>Receipt and review of notice from District Court to Bankruptcy Court Clerk<br>re appeal.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Receipt and review of Bankruptcy Appeal transmittal form filed with District<br>Court.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Review of correspondence from client re letters to credit reporting<br>agencies.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
|  | SMO | billable time<br>Preparation of letters to credit reporting agencies re order dismissing<br>involuntary petition<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |

Patrick Bulmer                                                                           Page    14

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/21/2013 | SMO | billable time<br>Review of correspondence from client re preparation of motion for damages arising from involuntary petition (two emails).<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 10/22/2013 | JMF | billable time<br>Initial draft preparation of motion for attorney's fees, compensatory damages, and punitive damages.<br>Involuntary Petition | 0.40<br>90.00/hr | 36.00 |
|  | JMF | billable time<br>Initial draft preparation of memorandum of points and authorities in support of motion for attorney's fees, compensatory damages, and punitive damages.<br>Involuntary Petition | 0.70<br>90.00/hr | 63.00 |
|  | JMF | billable time<br>Legal research re motion for attorney's fees, compensatory damages, and punitive damages.<br>Involuntary Petition | 0.50<br>90.00/hr | 45.00 |
|  | JMF | billable time<br>Initial draft preparation of notice of hearing on motion for attorney's fees, compensatory damages, and punitive damages.<br>Involuntary Petition | 0.30<br>400.00/hr | 120.00 |
|  | JMF | billable time<br>Initial draft preparation of attorney Olson's declaration in support of motion for attorney's fees, compensatory damages, and punitive damages.<br>Involuntary Petition | 0.60<br>90.00/hr | 54.00 |

|  |  |  | | |
|---|---|---|---|---|
| **For professional services rendered** |  |  | **32.50** | **$9,900.00** |

Additional Charges :

|  |  |  | Qty/Price | |
|---|---|---|---|---|
| 5/13/2013 | JMF | E112 Court fees<br>Fee to obtain docket re civil proceeding.<br>Involuntary Petition | 1<br>24.00 | 24.00 |
| 5/14/2013 | JMF | E108 Postage<br>Postage.<br>Involuntary Petition | 1<br>2.30 | 2.30 |
|  | JMF | E101 Copying<br>Photocopies.<br>Involuntary Petition | 51<br>0.20 | 10.20 |

Patrick Bulmer                                                          Page    15

| | | | Qty/Price | Amount |
|---|---|---|---|---|
| 6/14/2013 | SMO | E105 Telephone<br>Courtcall.<br>Involuntary Petition | 1<br>37.00 | 37.00 |
| 6/17/2013 | JMF | E108 Postage<br>Postage.<br>Involuntary Petition | 1<br>5.32 | 5.32 |
| | JMF | E101 Copying<br>Photocopies.<br>Involuntary Petition | 115<br>0.20 | 23.00 |
| 6/27/2013 | SMO | E105 Telephone<br>Courtcall.<br>Involuntary Petition | 1<br>41.20 | 41.20 |
| 7/30/2013 | SMO | E101 Copying<br>Photocopies.<br>Involuntary Petition | 14<br>0.20 | 2.80 |
| | SMO | E108 Postage<br>Postage.<br>Involuntary Petition | 1<br>0.92 | 0.92 |

|  | |
|---|---|
| **Total additional charges** | **$146.74** |
| **Total amount of this bill** | **$10,046.74** |
| Balance due | $10,046.74 |

# Law Office of Steven M. Olson
*100 E Street*
*Suite 104*
*Santa Rosa, CA 95404*
*(707) 575-1800*

Invoice submitted to:
Patrick Bulmer
CA


November 26, 2013


Invoice #10886


### Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/11/2013 | SMO | billable time<br>Receipt and review of application to approve compromise and pay secured claim, declaration of Trustee and exhibits in support of application, declaration of Mandy Power and exhibits in support of settlement of claims, notice of hearing on application, and notice of compromise and agreement.<br>General | 0.40<br>400.00/hr | 160.00 |
| 7/12/2013 | SMO | billable time<br>Review of correspondence from client re Den Beste bankruptcy trustee's motion papers regarding compromise with Mandy Powers; correspondence with client re same.<br>General | 0.10<br>400.00/hr | 40.00 |
| 7/26/2013 | SMO | billable time<br>Receipt and review of Den Beste's opposition to Ch. 7 Trustee's motion to compromise controversy with Mandy Power, and exhibits.<br>General | 0.20<br>400.00/hr | 80.00 |
| | JMF | billable time<br>Correspondence with client attaching Den Beste's opposition to Trustee's motion to compromise controversy.<br>General | 0.10<br>90.00/hr | 9.00 |
| | SMO | billable time<br>Review of correspondence from client re opposition of debtor to trustee's motion to compromise controversy.<br>General | 0.10<br>400.00/hr | 40.00 |
| 7/30/2013 | SMO | billable time<br>Receipt and review of declaration of Stromsheim in support of order approving compromise with Mandy Power.<br>General | 0.10<br>400.00/hr | 40.00 |

Patrick Bulmer                                                                                    Page      2

|              |     |                                                                                                  | Hrs/Rate        | Amount |
|--------------|-----|--------------------------------------------------------------------------------------------------|-----------------|--------|
| 7/30/2013    | JMF | billable time<br>Correspondence with client attaching declaration of Stromsheim in support of order approving compromise with Mandy Power.<br>General | 0.10<br>90.00/hr | 9.00 |
|              | JMF | billable time<br>Review of correspondence from client re response to Den Beste's opposition to motion to compromise controversy.<br>General | 0.10<br>90.00/hr | 9.00 |
|              | SMO | billable time<br>Receipt and review of declaration of Malcolm Leader-Picone.<br>General | 0.10<br>400.00/hr | 40.00 |
|              | JMF | billable time<br>Correspondence with client attaching declaration of Malcolm Leader-Picone.<br>General | 0.10<br>90.00/hr | 9.00 |
|              | SMO | billable time<br>Preparation of request for judicial notice regarding trustee's application to approve compromise with Mandy Power.<br>General | 0.40<br>400.00/hr | 160.00 |
|              | SMO | billable time<br>Correspondence with client regarding request for judicial notice.<br>General | 0.10<br>400.00/hr | 40.00 |
|              | SMO | billable time<br>Review of correspondence from client regarding request for judicial notice.<br>General | 0.10<br>400.00/hr | 40.00 |
|              | SMO | billable time<br>Review of correspondence from client re trustee's motion to compromise controversy.<br>General | 0.10<br>400.00/hr | 40.00 |
| 8/2/2013     | SMO | billable time<br>Receipt and review of supplement to Mr. Den Beste's opposition to motion to approve compromise between trustee and Mandy Power.<br>General | 0.10<br>400.00/hr | 40.00 |
|              | SMO | billable time<br>Appearance in court re hearing on trustee's motion to compromise controversy with Mandy Power.<br>General | 0.80<br>400.00/hr | 320.00 |

Patrick Bulmer

Page    3

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 8/2/2013 SMO | billable time<br>Telephone call with client's office re hearing.<br>General | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Review of correspondence from attorney Stromsheim attaching proposed order approving compromise of controversy between trustee and Miss Power.<br>General | 0.10<br>400.00/hr | 40.00 |
| 8/6/2013 SMO | billable time<br>Receipt and review of order on application to compromise controversy.<br>General | 0.10<br>400.00/hr | 40.00 |
| 8/20/2013 JMF | billable time<br>Correspondence with client attaching appeal related documents re appeal of Mr. Den Beste of order on compromise and controversy (two emails).<br>General | 0.10<br>90.00/hr | 9.00 |
| SMO | billable time<br>Receipt and review of Mr. Den Beste's opposition to Trustee's objection to claim.<br>General | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Receipt and review of notice of withdrawal of defective notice of appeal, corrected notice of appeal, and notice to appeal to District Court.<br>General | 0.10<br>400.00/hr | 40.00 |
| 8/22/2013 SMO | billable time<br>Receipt and review of Trustee's notice of hearing on objection to claim.<br>General | 0.10<br>400.00/hr | 40.00 |
| SMO | billable time<br>Receipt and review of Debtors' rescission of signatures affixed to agreement for sale of assets, demand for refund of funds paid to Trustee, and demand for accounting re funds.<br>General | 0.10<br>400.00/hr | 40.00 |
| JMF | billable time<br>Correspondence with client attaching documents filed in Den Beste base case.<br>General | 0.10<br>90.00/hr | 9.00 |
| 8/26/2013 SMO | billable time<br>Review of correspondence from client re hearing on Mr. Den Beste's motions; Correspondence with client re same<br>General | 0.10<br>400.00/hr | 40.00 |

Patrick Bulmer                                                                    Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|

8/26/2013 SMO  billable time
Receipt and review of Mr. Den Beste's reply re motion for order to return
funds to bankruptcy estate or to James Den Beste Family Trust.
General

0.10
400.00/hr

40.00

8/30/2013 JMF  billable time
Correspondence with client attaching attorney Leader-Picone's declaration
in support of Trustee's objection to claim of Den Beste Trust.
General

0.10
90.00/hr

9.00

SMO  billable time
Receipt and review of Court's memorandum on Chapter 7 Trustee's
objection to claim of Den Beste Trust.
General

0.10
400.00/hr

40.00

SMO  billable time
Correspondence with client re memorandum.
General

0.10
400.00/hr

40.00

9/3/2013 SMO  billable time
Receipt and review of order re representation.
General

0.10
400.00/hr

40.00

SMO  billable time
Receipt and review of points and authorities in rebuttal to declaration of
attorney Leader-Picone in support of Trustee's objection to claim of Den
Beste Trust.
General

0.10
400.00/hr

40.00

JMF  billable time
Correspondence with client attaching order limiting representation as to
Den Beste Trust and Den Beste's rebuttal to declaration of Trustee's
counsel re objection to claim of Den Beste Trust.
General

0.10
90.00/hr

9.00

9/6/2013 SMO  billable time
Receipt and review of order disallowing claim of Den Beste Trust.
General

0.10
400.00/hr

40.00

JMF  billable time
Correspondence with client attaching order disallowing claim of Den Beste
Trust.
General

0.10
90.00/hr

9.00

9/23/2013 JMF  billable time
Correspondence with client attaching documents re Den Beste's appeal
regarding the Order Sustaining the Trustee's Objection to the Trust's claim
General

0.10
90.00/hr

9.00

Patrick Bulmer

| | Hours | Amount |
|---|---|---|
| **For professional services rendered** | **5.00** | **$1,690.00** |
| **Previous balance** | | **$12,606.74** |
| Balance due | | $14,296.74 |

| Current | 30 Days | 60 Days | 90 Days | 120 Days |
|---|---|---|---|---|
| 4,250.00 | 10,046.74 | 0.00 | 0.00 | 0.00 |

Exhibit D

1  PATRICK BULMER
   CALIFORNIA RECEIVERSHIP SERVICES
2  PO Box 5128
   Oroville, CA 95966
3  Telephone:  (530) 370-6651
   Facsimile:   (800) 543-3303
4

5  Court Appointed Receiver

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SONOMA

10
   JOHN F. DEMEO and BRADFORD          )   Case No.:  **MCV-178973**
11 DEMEO, partners, doing business under )
   the firm name, DeMeo and DeMeo,      )
12                                       )   RECEIVER'S SEVENTH INTERIM REPORT
                Plaintiffs,              )
13                                       )
          vs.                            )
14                                       )
                                         )
15 PAUL DEN BESTE and MELODY DEN         )
   BESTE,                                )
16                                       )
                Defendants.              )
17                                       )

18

19      Patrick Bulmer, Court Appointed Receiver in this matter (hereinafter "Receiver")

20 hereby submits the following Seventh Interim Report.

21 **STATUS OF PENDING LITIGATION AGAINST AND INVOLVING RECEIVER**

22      The following actions against Receiver and / or relating to the receivership are known

23 to be pending at this time:

24      *In re Patrick Bulmer* (Involuntary Chapter 7 Bankruptcy Petition), Case Number 13-

25 25283, U.S. Bankruptcy Court, Eastern District of California, petition filed on April 17, 2013,

26 case dismissed on July 1, 2013, motion to vacate denied on August 30, 2013. Paul Den

27 Beste's original appeal was dismissed for failure to prosecute. The matter is now pending on

28

---

DeMeo v. Den Beste                    1                           MCV-178973

appeal before the Ninth Circuit Court of Appeals, has been fully briefed, and is awaiting disposition on the merits.

*People v. Paul Den Beste* (Criminal Action), Case Number SCR-656935, Superior Court, County of Sonoma. Paul Den Beste faces six counts each of vehicle theft and possession of stolen vehicles, plus one count of contempt of court for disobeying a court order. Preliminary hearing was held on January 19, 2016. Paul Den Beste was held to answer on all counts and further proceedings, including trial, are pending.

## NARRATIVE REPORT OF EVENTS

Paul and Melody Den Beste continue to stand in an attitude of contempt toward the Court and the receivership. As disclosed previously, they are continuing to operate the Den Beste Yard & Garden business without authorization through a company ostensibly owned by their son, Christopher Den Beste.

Receiver's duties since the Sixth Interim Report have been limited to conferring with counsel regarding pending litigation, and attending the preliminary hearing in Paul Den Beste's pending criminal matter.

## PROPERTY HELD PURSUANT TO RECEIVERSHIP ORDER

Receiver continues to hold the following vehicles, which were recovered on September 30, 2014 following Paul Den Beste's unauthorized taking of same:

| YB8584 | 1986 | RELIANCE | DUMP TRAILER | 1218 |
| 1WF1353 | 1999 | ALLOY | TRAILER | 0107 |
| 6S52262 | 1993 | PETERBILT | COMMERCIAL | 4387 |
| 9A93018 | 1999 | PETERBILT | COMMERCIAL | 3874 |
| 9E43546 | 1994 | PETERBILT | COMMERCIAL | 3058 |
| GT26773 | 2000 | TRAVIS | DUMP TRAILER | 1204 |

As detailed in Receiver's previous reports, Defendants have gone to great lengths to interfere with Receiver's efforts to marshal other assets of the receivership estate as provided in the Court's December 5, 2013 Order, such that Receiver has been required to

1  withhold the above-referenced vehicles as security for ongoing costs associated with the

2  pending legal actions and appeals maintained by the Defendants.

3       Receiver expects to apply to the Court in the near future seeking authority to sell

4  these vehicle assets due to depletion of funds of the receivership estate for attorney fees,

5  costs and Receiver's necessary continued involvement in the pending criminal matter.

6  Receiver has obtained preliminary offers to purchase said vehicles from the owners of

7  Binford Road Storage. Receiver will apply to the Court for permission to sell these vehicles

8  and will endeavor to obtain the greatest return on their value.

9  **FINANCIAL REPORT**

10      As of January 24, 2016, there remains **$4,389.35** in the receivership checking

11  account after payment of fees and expenses reported through Receiver's Sixth Interim

12  Report.

13      Receiver has continued to incur storage charges for the vehicles held at Binford

14  Road Storage at the rate of $360.00 per month since August 2015 that remain unpaid. Such

15  storage fees will be paid from proceeds from the sale of the trucks or through other

16  receivership assets in the future per agreement with Binford Road Storage.

17  **RECEIVER'S INTERIM FEES & EXPENSES**

18      Attached hereto as **Exhibit A** is a true and correct statement of Receiver's fees and

19  expenses incurred from September 16, 2015 through January 19, 2016 in the total amount of

20  **$2,881.80**.

21  **RECEIVER'S ATTORNEY FEES**

22      Receiver has, pursuant to previous orders of the Court, retained attorneys Steven M.

23  Olson, to represent Receiver in related bankruptcy matters, and Brad C. Brereton, to

24  represent Receiver in this underlying action.

25      The latest bill owed to attorney Steven M. Olson for services performed in relation to

26  the involuntary bankruptcy initiated by Paul Den Beste against Patrick Bulmer, and the

27  related appeals, is attached hereto as **Exhibit B**. Due to a shortage of available funds, this

28  bill has not yet been paid. Receiver intends to pay this bill, and any additional bill for fees

---

1   and expenses, upon sale of the trucks seized from Den Beste Yard & Garden or through

2   such other assets as may be obtained through the receivership.

3         Attorney Brad C. Brereton continues to incur fees and expenses through

4   representation of Receiver in state court proceedings. A current bill will be attached to the

5   next interim report when received.

6         I declare under penalty of perjury under the laws of the State of California that the

7   foregoing is true and correct. Executed at Oroville, California.

8

9   Date: September 16, 2015

10                                            Patrick Bulmer, Court Appointed Receiver
                                             California Receivership Services
11                                            PO Box 5128
                                             Oroville, CA 95966
12                                            Tel:    (530) 370-6651
                                             Fax:    (800) 543-3303

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DeMeo v. Den Beste                          4                          MCV-178973

RECEIVER'S SEVENTH INTERIM REPORT

# Exhibit A

California Receivership Services
PO Box 5128
Oroville, CA 95966

Date:  1/25/2016

Regarding:  DeMeo v. DenBeste
Invoice No:  164-160125

### Services Rendered

| Date | Staff | Description | Hours | Rate | Charges |
|------|-------|-------------|-------|------|---------|
| 9/16/2015 | PB | Sixth Interim Report | 3.00 | $250.00 | $750.00 |
| 10/23/2015 | PB | Phone w/ TH (Binford Rd Storage), re: Purchase of Dump Truck | 0.20 | $250.00 | $50.00 |
| 10/26/2015 | PB | Review Crim Docket, re: PDB Prelim; Email to BCB Confirming Prelim Date | 0.20 | $250.00 | $50.00 |
| 10/27/2015 | PB | Phone w/ T. Ham, re: Offer to Purchase Dump Truck | 0.10 | $250.00 | $25.00 |
| 10/29/2015 | PB | Phone from Sonoma Cty DDA, re: Prelim Postponed; Email to BCB | 0.40 | $250.00 | $100.00 |
| 1/04/2016 | PB | Receive / Review Subpoena for 1/19/16 Prelim; Scan / Fwd to BCB | 0.20 | $250.00 | $50.00 |
| 1/14/2016 | PB | Review Offer from Binford Rd Storage to Purchase Trucks; Reply by Email | 0.30 | $250.00 | $75.00 |
| 1/15/2016 | PB | Review V/M from Sonoma Cty DDA, re: Prelim; Email to BCB | 0.20 | $250.00 | $50.00 |
| 1/19/2016 | PB | At Court: Meet w/ BCB; Testify at Prelim Hearing | 3.50 | $250.00 | $875.00 |
| 1/19/2016 | PB | Travel from Home to Sonoma County Superior Court | 3.50 | $90.00 | $315.00 |
| 1/19/2016 | PB | Travel Home from Sonoma County Superior Court | 3.50 | $90.00 | $315.00 |

| | |
|---|---|
| Total Fees | $2,655.00 |

### Expenses

| Start Date | Description | Quantity | Price | Charges |
|------------|-------------|----------|-------|---------|
| 1/19/2016 | Roundtrip Mileage: Home to Sonoma County Superior Court | 378.00 | $0.60 | $226.80 |

| | |
|---|---|
| Total Expenses | $226.80 |

| | |
|---|---|
| Total New Charges | $2,881.80 |

California Receivership Services

Page No.:    2

Total Amount Due this Bill        $2,881.80

# Exhibit B

Law Office of Steven M. Olson
*100 E Street*
*Suite 104*
*Santa Rosa, CA 95404*
*(707) 575-1800*

Invoice submitted to:
Patrick Bulmer
CA

September 23, 2015

Invoice #11090

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/2/2014 | SMO | billable time<br>Receipt and review of order dismissing appeal against Trustee Locke.<br>General | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Receipt and review of judgment in favor of Trustee Locke re appeal.<br>General | 0.10<br>400.00/hr | 40.00 |
| 7/8/2014 | JMF | billable time<br>Correspondence with client attaching order and judgment re appeal<br>against Locke.<br>General | 0.10<br>135.00/hr | 13.50 |
| 5/8/2015 | JMF | billable time<br>Correspondence with client attaching documents filed in Den Beste's<br>bankruptcy case.<br>Involuntary Petition | 0.10<br>135.00/hr | 13.50 |
| 6/1/2015 | SMO | billable time<br>Review of correspondence from client re status of proceedings in state<br>court. | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Review of correspondence from client re debtors' objection to trustee's<br>final report and account. | 0.10<br>400.00/hr | 40.00 |
| 6/2/2015 | SMO | billable time<br>Correspondence with client re Debtor's objection to final report and<br>account of Ch. 7 Trustee.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |

Patrick Bulmer                                                                                    Page    2

|  |  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 6/5/2015 | SMO | billable time | | 0.50 | 200.00 |
| | | Attendance at hearing on approval of fee applications and final hearing. | | 400.00/hr | |
| | | Involuntary Petition | | | |
| 6/12/2015 | JMF | billable time | | 0.30 | 40.50 |
| | | Preparation of certificate of service. | | 135.00/hr | |
| | | Involuntary Petition | | | |
| | JMF | billable time | | 0.30 | 40.50 |
| | | Final review of RJN and file same re ECF. | | 135.00/hr | |
| | | Involuntary Petition | | | |
| | SMO | billable time | | 0.50 | 200.00 |
| | | Preparation of request for judicial notice re Debtors' objection to final report of Trustee; Correspondence with client re same. | | 400.00/hr | |
| | | Involuntary Petition | | | |
| | SMO | billable time | | 0.10 | 40.00 |
| | | Review of correspondence from client authorizing filing of request for judicial notice. | | 400.00/hr | |
| | | Involuntary Petition | | | |
| 6/17/2015 | JMF | billable time | | 1.30 | 175.50 |
| | | Travel to and from, and time at, Superior Court re enforcement of order granting appointment of receiver and receipt for posting of bond. | | 135.00/hr | |
| | | Involuntary Petition | | | |
| | JMF | billable time | | 0.10 | 13.50 |
| | | Correspondence with client re receipt showing proof of payment of bond. | | 135.00/hr | |
| | | Involuntary Petition | | | |
| | JMF | billable time | | 0.20 | 27.00 |
| | | Final review of supplemental request for judicial notice and file same with ECF. | | 135.00/hr | |
| | | Involuntary Petition | | | |
| | JMF | billable time | | 0.30 | 40.50 |
| | | Preparation of certificate of service re supplemental request for judicial notice and file same with ECF. | | 135.00/hr | |
| | | Involuntary Petition | | | |
| | SMO | billable time | | 0.10 | 40.00 |
| | | Preparation of supplemental request for judicial notice. | | 400.00/hr | |
| | | Involuntary Petition | | | |
| | SMO | billable time | | 0.10 | 40.00 |
| | | Telephone call with client re posting of bond to facilitate appointment of receiver. | | 400.00/hr | |
| | | Involuntary Petition | | | |

Patrick Bulmer

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/17/2015 | SMO | billable time<br>Staff conference re trip to Superior Court to obtain excerpt from docket for Superior Court case.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| | SMO | billable time<br>Correspondence with client re Debtor's rebuttal on Trustee's final report and account.<br>Involuntary Petition | 0.20<br>400.00/hr | 80.00 |
| | SMO | billable time<br>Review of correspondence from client re status of bankruptcy court matter.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 6/19/2015 | SMO | billable time<br>Attendance at hearing on motion for compensation by professionals in Ch. 7 case and Trustee's final report.<br>General | 1.00<br>400.00/hr | 400.00 |
| 7/6/2015 | SMO | billable time<br>Receipt and review of Appellant's request for extension of deadline to file opening brief at Ninth Circuit; Receipt and review of Court's order extending deadlines for briefs; Correspondence with client re same. | 0.20<br>400.00/hr | 80.00 |
| | SMO | billable time<br>Review of correspondence from client re status.<br>Involuntary Petition | 0.10<br>400.00/hr | 40.00 |
| 8/18/2015 | JMF | billable time<br>Review of Mr. Den Beste's informal brief; Initial draft preparation of client's brief.<br>Involuntary Petition | 2.50<br>135.00/hr | 337.50 |
| | JMF | billable time<br>Initial preparation of excerpts of record.<br>Involuntary Petition | 1.20<br>135.00/hr | 162.00 |
| | SMO | billable time<br>Receipt and review of Mr. Den Beste's opening brief.<br>Involuntary Petition | 0.30<br>400.00/hr | 120.00 |
| 8/21/2015 | JMF | billable time<br>Review and revise brief re 9th Circuit appeal.<br>Involuntary Petition | 0.70<br>135.00/hr | 94.50 |

Patrick Bulmer                                                                  Page      4

|              |     |                                                                                                                                  | Hrs/Rate    | Amount    |
|--------------|-----|----------------------------------------------------------------------------------------------------------------------------------|-------------|-----------|
| 9/3/2015     | JMF | billable time<br>Continued legal research re brief and issues on appeal re standards of review; Review and revise brief re 9th Circuit Appeal.<br>Involuntary Petition | 3.80<br>135.00/hr | 513.00 |
| 9/4/2015     | JMF | billable time<br>Preparation of motion for extension of time to file Appellee's brief and certificate of service; File same via 9th Circuit ECF.<br>Involuntary Petition | 0.40<br>135.00/hr | 54.00 |
| 9/10/2015    | JMF | billable time<br>Additional legal research re 9th Circuit appeal; Review and revise draft Appellee's brief.<br>Involuntary Petition | 3.50<br>135.00/hr | 472.50 |
|              | SMO | billable time<br>Legal research re Appellee's brief; Review and revise brief.<br>Involuntary Petition | 1.80<br>400.00/hr | 720.00 |
| 9/11/2015    | JMF | billable time<br>Review and revise Appellee's brief.<br>Involuntary Petition | 1.50<br>135.00/hr | 202.50 |
| 9/14/2015    | JMF | billable time<br>Review and revise Appellee's brief.<br>Involuntary Petition | 0.30<br>135.00/hr | 40.50 |
|              | SMO | billable time<br>Review and revise Appellee's brief.<br>Involuntary Petition | 0.40<br>400.00/hr | 160.00 |
| 9/15/2015    | JMF | billable time<br>Review and revise Appellee's brief.<br>Involuntary Petition | 1.80<br>135.00/hr | 243.00 |
|              | SMO | billable time<br>Review and revise Appellee's brief.<br>Involuntary Petition | 1.50<br>400.00/hr | 600.00 |
| 9/16/2015    | JMF | billable time<br>Review and revise Appellee's brief and excerpts of record.<br>Involuntary Petition | 2.00<br>135.00/hr | 270.00 |
|              | SMO | billable time<br>Online research re appellee's brief; Review and revise brief; Review and analyze items in record re revisions to draft brief.<br>Involuntary Petition | 5.20<br>400.00/hr | 2,080.00 |

Patrick Bulmer                                                                                    Page      5

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/17/2015 | JMF | billable time<br>Review and revise Appellee's brief.<br>Involuntary Petition | 2.50<br>135.00/hr | 337.50 |
|  | JMF | billable time<br>Review and revise of excerpts of record.<br>Involuntary Petition | 0.80<br>135.00/hr | 108.00 |
|  | SMO | billable time<br>Further revisions to brief.<br>Involuntary Petition | 2.10<br>400.00/hr | 840.00 |
| 9/18/2015 | JMF | billable time<br>Final review and revise of excerpts of record.<br>Involuntary Petition | 1.20<br>135.00/hr | 162.00 |
|  | JMF | billable time<br>Final review and revision of Appellee's brief, and re inclusion of citations re excerpts, appendix, and other filing requirements; File same with Court.<br>Involuntary Petition | 3.20<br>135.00/hr | 432.00 |
|  | SMO | billable time<br>Review and revise Appellee's Brief; Final preparation of excerpts of record supporting brief.<br>Involuntary Petition | 3.70<br>400.00/hr | 1,480.00 |
| 9/21/2015 | JMF | billable time<br>Correspondence with client attaching brief.<br>Involuntary Petition | 0.10<br>135.00/hr | 13.50 |

|  |  | **For professional services rendered** | **46.80** | **$11,247.00** |
|---|---|---|---|---|

Additional Charges :

|  |  | | Qty/Price | |
|---|---|---|---|---|
| 6/12/2015 | JMF | E101 Copying<br>Photocopies.<br>Involuntary Petition | 49<br>0.20 | 9.80 |
|  | JMF | E108 Postage<br>Postage.<br>Involuntary Petition | 1<br>2.74 | 2.74 |
| 6/17/2015 | JMF | E110 Out-of-town travel<br>Travel to and from Superior Court Clerk's office.<br>Involuntary Petition | 7<br>0.58 | 4.03 |

Patrick Bulmer

Page     6

| | | | Qty/Price | Amount |
|---|---|---|---|---|
| 9/18/2015 JMF | E101 Copying | | 1 | 109.43 |
| | Kinkos re copies. | | 109.43 | |
| | Involuntary Petition | | | |
| JMF | E124 Other | | 1 | 74.52 |
| | Kinkos re Binding. | | 74.52 | |
| | Involuntary Petition | | | |
| JMF | E124 Other | | 1 | 19.48 |
| | Kinkos re second Binding. | | 19.48 | |
| | Involuntary Petition | | | |
| JMF | E108 Postage | | 1 | 14.27 |
| | Postage. | | 14.27 | |
| | Involuntary Petition | | | |
| 9/22/2015 JMF | E108 Postage | | 1 | 6.16 |
| | Postage. | | 6.16 | |
| | Involuntary Petition | | | |
| JMF | E101 Copying | | 1 | 44.08 |
| | FedEx re copies for 9th Circuit. | | 44.08 | |
| | Involuntary Petition | | | |

**Total additional charges**                                               **$284.51**

**Total amount of this bill**                                              **$11,531.51**

**Previous balance**                                                        **$4,819.00**

Accounts receivable transactions

4/27/2015 Payment - Thank You. Check No. 2683                              ($4,819.00)

**Total payments and adjustments**                                         **($4,819.00)**

Balance due                                                                $11,531.51

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):      TELEPHONE NO.:

Patrick Bulmer               Tel: (530) 370-6651
PO Box 5128                  Fax: (800) 543-3303
Oroville, CA 95966
Court Appointed Receiver

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
UNLIMITED CIVIL DIVISION
600 Administration Drive Rm 107J
Santa Rosa, CA 95403

PLAINTIFF: JOHN F. DEMEO, et al.

DEFENDANT: PAUL DEN BESTE; MELODY DEN BESTE

CASE NUMBER

MCV-178973

# Proof of Service by First Class US Mail

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to the within action or proceeding.

My business address is PO Box 5128, Oroville, CA 95966, which is located in the county in which the within-mentioned mailing occurred. I am familiar with the practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence will be deposited with the United States Postal Service on the same day in the ordinary course of business.

On Monday, January 25, 2016, I served the following document(s):

SEVENTH INTERIM REPORT OF RECEIVER

by placing a true copy in a separate envelope for each addressee named below, with First Class postage pre-paid, with the name and address of the person served shown on the envelope as follows:

Paul Den Beste                    Melody Den Beste
PO Box 742                        1173 Mountain Pine Rd
Cloverdale CA 95425               Cloverdale CA 95425

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on Monday, January 25, 2016 at Oroville, California.

January 25, 2016                  _____
Date                              Patrick Bulmer