1  STEPHAN C. VOLKER (CBN 63093)
   ALEXIS E. KRIEG (CBN 254548)                          10.587.02
2  STEPHANIE L. CLARKE (CBN 257961)
   LAW OFFICES OF STEPHAN C. VOLKER
3  1633 University Avenue
   Berkeley, California 94703
4  Tel:    510/496-0600
   Fax:    510/845-1255
5  Email:  svolker@volkerlaw.com

6  Former Attorneys for Plaintiff
   CALIFORNIA ENVIRONMENTAL PROTECTION ASSOCIATION
7

8                     UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10

11 CALIFORNIA ENVIRONMENTAL          )  Case No.  3:16-cv-03914-JST
   PROTECTION ASSOCIATION, a         )
   California corporation,           )  **NOTICE OF MOTION AND MOTION TO**
12                                   )  **STRIKE NONCONFORMING AND**
                                     )  **NONCOMPLIANT DOCUMENTS FILED**
13               Plaintiff,          )  **BY PAUL DEN BESTE AND OBJECTION**
                                     )  **TO THE SAME; MEMORANDUM OF**
14        v.                         )  **POINTS AND AUTHORITIES IN**
                                     )  **SUPPORT THEREOF; [PROPOSED]**
15 DENBESTE YARD & GARDEN, INC., a   )  **ORDER**
   California corporation,           )
                                     )  Hearing Date:   September 28, 2017
16               Defendant.          )  Time:           2:00 p.m.
                                     )  Courtroom:      9
17                                   )  Judge:          Hon. Jon S. Tigar
                                     )
18                                   )
                                     )
19 ─────────────────────────────     )

20

21 **TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

22        PLEASE TAKE NOTICE that at September 28, 2017, at 2:00 p.m., or as soon as the

23 matter may be heard before the Honorable Jon S. Tigar, District Judge for the Northern District

24 of California, San Francisco Division, Courtroom 9, 19th floor, 450 Golden Gate Avenue, San

25 Francisco, CA 94102, Stephan C. Volker of the Law Offices of Stephan C. Volker will and

26 hereby does respectfully object to and move to strike the Answer, Notice of Motion and Motion

27 for Sanctions ("Motion"), and supporting Memorandum of Points and Authorities ("MPA") filed

28 by Paul Den Beste in this matter.

This motion is made on the grounds that a corporate defendant cannot appear pro se (16 U.S.C. § 1654; Local Civ. Rule 3-9(b)), that Mr. Den Beste's filings are improper, impertinent, and scandalous (Federal Rules of Civil Procedure, Rule 12(f)),[1] and that Mr. Den Beste has failed to comply with the mandatory safe-harbor provision of Rule 11(c)(2).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the record in this matter, and any evidence that may be presented at the hearing on this motion.

Dated: August 3, 2017          LAW OFFICES OF STEPHAN C. VOLKER

By: *s/Stephan C. Volker*
Stephan C. Volker

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE AND OBJECTION**

## I.   INTRODUCTION

Mr. Paul Den Beste's Motion and MPA are substantively without merit for the numerous reasons discussed in the Opposition to that Motion filed concurrently herewith. In short, Attorney Volker's statements that it was impossible to serve Mr. Den Beste because his business is unstaffed, locked, and inaccessible were correct, and it is Mr. Den Beste whose arguments are false and misleading because it is demonstrably not the case that Mr. Den Beste was readily amenable to service, as he implies. To the contrary, Attorney Volker was unable to serve Mr. Den Beste despite *eighteen attempts to do so,* and Mr. Den Beste actively avoided service. Declaration of Stephan C. Volker in Opposition to Paul Den Beste's Motion for Sanctions, Exhibits 2 and 3.

Mr. Den Beste's Motion also suffers from two fatal procedural flaws. Mr. Den Beste cannot appear on behalf of defendant Den Beste Yard & Garden, Inc., because he is not an attorney and corporations can *only* appear through attorneys. 28 U.S.C. § 1654, Local Civil Rule 3-9(b); *U.S. v. High Country Broadcasting Co., Inc,* 3 F.3d 1244, 1245 (9th Cir. 1993).

---

[1] Undesignated references are to the Federal Rules of Civil Procedure.

Additionally, Mr. Den Beste failed to comply with the 21-day safe harbor provision of Rule 11, which precludes an award of Rule 11 sanctions as a matter of law. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009). These two fatal flaws warrant a summary rejection of Mr. Den Beste's Motion.

Mr. Den Beste's Answer and Motion should also be stricken under Rule 12(f) because his statements that Mr. Volker committed perjury are impertinent and scandalous. Mr. Den Beste's inflammatory allegations of perjury "are unsupported by any reasonable interpretation of the record," are "scandalous and highly insulting," and "amount to little more than name-calling," and therefore should be stricken. *In re Johnson*, 236 B.R. 510, 523 (D.D.C. 1999).

## II.    ARGUMENT

### A.    CORPORATIONS MUST BE REPRESENTED BY COUNSEL, NOT PRO SE SHAREHOLDERS

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts *only* through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) (emphasis added). 28 U.S.C. section 1654 allows parties to "plead and conduct their *own* cases personally or by counsel." (Emphasis added). But this law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, *supra,* 506 U.S. at 202; *see also* Local Civil Rule 3-9(b) ("A corporation . . . may appear only though a member of the bar of this Court"). In this matter, Plaintiff California Environmental Protection Association ("CEPA") named Den Beste Yard and Garden, Inc., a California corporation, as the sole defendant in its Clean Water Act litigation. Thus, any appearance by defendant Den Beste Yard and Garden, Inc., must be made by a member of the Bar. 28 U.S.C. § 1654, Local Civil Rule 3-9(b).

A shareholder may not intervene pro se to represent a corporation's interests where a corporation lacks counsel. *High Country Broadcasting*, 3 F.3d at 1245 (9th Cir. 1993). In *High Country Broadcasting*, 3 F.3d at 1245, a corporation's "President, statutory agent and only shareholder" sought to represent a corporation pro se before the District Court even after being notified that he was prohibited from doing so; the Ninth Circuit held that it was "perfectly

appropriate" for the District Court to have entered a default judgment against the corporation because a "corporation may appear in federal court only through licensed counsel" under 28 U.S.C. section 1654.

The Ninth Circuit also rejected the shareholder's attempt to intervene pro se, noting it "was nothing more than an end run around section 1654." *High Country Broadcasting,* 3 F.3d at 1245. "To allow a sole shareholder with interests identical to the corporation's to intervene under such circumstances, rather than hire corporate counsel, would eviscerate section 1654. We decline to read [the rule about intervention] as condoning such a result." *Id.* at 1245.

Here, Mr. Den Beste has filed an Answer, pro se, in the place of Defendant Den Beste Yard and Garden, Inc. Answer ¶ 2.[2] Mr. Den Beste's attempt to appear as a party defendant must be rejected because he is not an attorney and a "corporation may appear in federal court only through licensed counsel." *High Country Broadcasting,* 3 F.3d at 1245; *Rowland*, 506 U.S. at 201-202. The cases Mr. Den Beste cites in paragraph 2 of his Answer involve shareholder lawsuits *in which the shareholders were represented by counsel*; they cannot and do not justify Mr. Den Beste's attempt to make "an end run around section 1654" by appearing pro se on behalf of a corporation. *Id.*; *see Whelan v. Abell*, 953 F.2d 663, 665 (D.C.Cir. 1992) (listing attorneys representing the shareholders); *Sutter v. Gen. Petroleum Corp.,* 28 Cal.2d 525, 526 (1946) (same).[3]

As Mr. Den Beste may not appear pro se on behalf of Defendant Den Beste Yard and Garden, Inc., this Court must disregard and strike his improperly filed pleadings and motions.

**B.    MR. DEN BESTE FAILED TO COMPLY WITH THE SAFE HARBOR PROVISION OF RULE 11**

Mr. Den Beste signed and dated his Motion for Sanctions on July 24, 2017, and filed it with this Court two days later, on July 26, 2017. His motion seeks sanctions pursuant to Rule 11.

---

[2]  Contrary to the requirements of Rule 8(b)(1)(B), Mr. Den Beste's Answer fails to admit or deny the allegations of the Complaint.

[3] *Sutter v. Gen. Petroleum Corp.* is the case cited at the top of page 3 of Mr. Den Beste's Answer.

MPA 8.  But under Rule 11(c)(2), such a "motion must be served under Rule 5, but it *must not be filed* or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* (emphasis added).  While Attorney Volker denies that any Rule 11 violation occurred in this case, Mr. Den Beste nonetheless improperly failed to provide 21 days for corrective action before filing his Rule 11 motion for sanctions.  *Id.*  That failure "precludes an award of Rule 11 sanctions . . . as a matter of law. . . ." *Winterrowd v. American Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009); *Gottschalk v. City and County of San Francisco*, 964 F.Supp.2d 1147, 1168 (N.D.Cal. 2013) ("As Plaintiff has failed to comply with the procedural requirements of Rule 11, her motion is **DENIED**") (bold in original).  Because Mr. Den Beste's Motion is procedurally improper, this Court must strike and disregard it in its entirety.

## C.  MR. DEN BESTE'S SCANDALOUS ALLEGATIONS SHOULD BE STRICKEN

### 1.  Mr. Den Beste's Answer

Rule 12(f) allows this Court to strike impertinent or scandalous matter included in any pleading.  Courts have defined scandalous allegations as ones that are defamatory (*In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005)) or that "unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the court." *Corbell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004); *see also Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal. 2005) ("A 'scandalous' matter improperly casts a derogatory light on someone, usually a party").

Mr. Den Beste's improperly filed Answer (Dkt. 36) states that "Specially Appearing Defendant Paul Den Beste's Notice of Motion and Motion for Sanctions Against Plaintiff's Attorney Stephan C. Volker for Committing Perjury and Fraud Upon the Court filed herewith shows plaintiff committed perjury in these proceedings requiring plaintiff to be severely sanctioned . . . ." Answer ¶ 3 (pp. 3:24-4:2) (capitalization altered).  These allegations "unnecessarily reflect on the moral character of an individual," and are "state[d] in repulsive language that detracts from the dignity of the court," and as such should be stricken as scandalous under Rule 12(f).

Mr. Den Beste's allegations are nearly identical to the stricken allegations in *In re Johnson*, 236 B.R. at 523. In that case, the reviewing court[4] upheld the lower court's decision to grant a motion to strike "scandalous and highly insulting allegations" that the bankruptcy trustee repeatedly lied. *Id.*; *see id.* at 515 (reciting allegations). The court found that the debtor's "bald allegations and inferences of the Trustee's misconduct [we]re unsupported by any reasonable interpretation of the record" and that "the allegations of the Trustee being a 'liar' [we]re so devoid of the necessary evidence to sustain them that they amount to little more than name-calling." *Id.* at 523. Accordingly, the court found that the motion to strike was properly granted.

Mr. Den Beste's allegations that Attorney Volker committed perjury are just as baseless and scandalous as the allegations that the trustee was a liar in *In re Johnson*, 236 B.R. at 523. As discussed at length in the Opposition to Motion for Sanctions filed concurrently herewith, Attorney Volker's statements that it was impossible to serve Mr. Den Beste because his business is unstaffed, locked, and inaccessible were correct. Attorney Volker was unable to serve Mr. Den Beste despite *eighteen attempts to do so*. Declaration of Stephan C. Volker in Opposition to Paul Den Beste's Motion for Sanctions, Exhibits 2 and 3. It is Mr. Den Beste, with his implicit representation that he was readily amenable to service, whose statements are false and misleading. Indeed, Mr. Den Beste ignored the process server's repeated attempts to get his attention and actively avoided service. *Id.* at Exhibit 2. Mr. Den Beste's inflammatory allegations of perjury "are unsupported by any reasonable interpretation of the record," are "scandalous and highly insulting," and "amount to little more than name-calling." *In re Johnson*, 236 B.R. at 523. Accordingly, they should be stricken under Rule 12(f). *Id.*

## 2.    The Motion

Mr. Den Beste's MPA and Motion also contain objectionable statements that improperly attack the moral character of Attorney Volker and which should be disregarded by this Court

---

[4] *In re Johnson* was a bankruptcy case, so the appeal of the Bankruptcy's Court's final judgment was to the District Court. *In re Johnson*, 236 B.R. at 513.

under this Court's "inherent power . . . to expedite the administration of justice and to prevent abuse of its process." *In re Johnson*, 236 B.R. at 521 (while Rule 12(f) only applies to pleadings, grant of motion to strike was proper because court has inherent authority to strike scandalous and impertinent matters); *see also Mazzeo v. Gibbons*, 2010 WL 3910072 (D.Nev. September 30, 2010; case no. 2:08-cv-01387-RLH-PAL) (while "a motion to strike under Rule 12(f) is limited to pleadings," a "district court has the inherent power to strike a party's submissions other than pleadings"). Specifically, Mr. Den Beste's Motion is predicated upon the false and insulting suggestion that Attorney Volker committed perjury and fraud upon this court. Like the "scandalous and highly insulting" accusations of perjury in his Answer, Mr. Den Beste's accusations of perjury in his Motion must also be stricken and disregarded. This Court should accordingly strike Mr. Den Beste's Motion and MPA. Alternatively, and at a minimum, this Court should strike the lines of Mr. Den Beste's Motion and MPA where he expressly accuses Attorney Volker of perjury and fraud.[5]

### III.   CONCLUSION

Mr. Den Beste's Motion should be summarily denied because he cannot appear pro se on behalf of a corporation and because he did not comply with the safe-harbor provisions of Rule 11. Paragraph 3 of Mr. Den Beste's Answer should be stricken because it includes the scandalous and impertinent claim that Mr. Volker committed perjury, as should Mr. Den Beste's Motion and MPA.

Dated: August 3, 2017                    LAW OFFICES OF STEPHAN C. VOLKER

By: *s/Stephan C. Volker*
Stephan C. Volker
Former Attorney for Plaintiff
CALIFORNIA ENVIRONMENTAL
PROTECTION ASSOCIATION

///

///

///

---

[5]  Motion 1:27; MPA 8:1-6, 9:2-3, 9:7-8, 9:12-13, 12:3-4, 12:11-12, 13:1, 13:16-17, 14:16-21.

# [PROPOSED] ORDER

Good cause appearing from the foregoing motion and its supporting documentation, counsel's motion to strike is GRANTED. Paragraph 3 of Mr. Den Beste's original Answer (Dkt. 26), and paragraph 3 of Mr. Den Beste's corrected Answer (Dkt. 36), are hereby stricken. Mr. Den Beste's Notice of Motion and Motion for Sanctions Against Plaintiff's Attorney Stephan C. Volker for Committing Perjury and Fraud Upon the Court (Dkt. 27), and supporting Memorandum of Points and Authorities (Dkt. 28), is likewise stricken.

IT IS SO ORDERED.

Dated: _____      _____
                                   HON. JON S. TIGAR
                                   U.S. DISTRICT COURT JUDGE

# PROOF OF SERVICE

I, Stephan C. Volker, My business address is the Law Offices of Stephan C. Volker, 1633 University Avenue, Berkeley, California 94703.

On August 3, 2017 I served the following document described as

**NOTICE OF MOTION AND MOTION TO STRIKE NONCONFORMING AND NONCOMPLIANT DOCUMENTS FILED BY PAUL DEN BESTE AND OBJECTION TO THE SAME; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**

by electronic filing with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the email addresses registered in the above entitled action, and by United States Mail addressed as follows:

Paul Den Beste
P.O. Box 742
Cloverdale, CA 95425

Patrick Bulmer
California Receivership Services
P.O. Box 5128
Oroville, CA 95966

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2017        */s/ Stephan C. Volker*
                                 STEPHAN C. VOLKER